### R. ALEXANDER *v.* A. FOWLER.

[Abstract Kentucky Law Reporter, Vol. 6—444.]

**Forcible Entry.**
    If one is in the actual possession of land, the fact that a prior trespasser gets possession does not render the entry of a subsequent trespasser less forcible and wrongful than the entry of the first party named, and he may maintain a writ of forcible entry against the last trespasser.

APPEAL FROM CARTER CIRCUIT COURT.

December 2, 1884.

OPINION BY JUDGE HOLT:

In this case an appeal was granted in the lower court on June 30, 1882, and a schedule enumerating the portions of the record to be copied, and an assignment of errors were then filed. The record however was not filed in this court until January 2, 1883, and the appellant probably fearing a dismissal of his appeal, by reason of this delay, sued out an appeal from the clerk of this court on June 13, 1883; and a motion is now made to dismiss it, because after the granting of his second appeal the appellant did not file with the clerk of the inferior court his schedule or an additional schedule and assignment of errors as provided in sub-section 7 of section 737 of the Civil Code.

They were already in fact a part of the record, and no motion to dismiss the first appeal seems ever to have been made, but the second appeal is doubtless to be treated as an abandonment of the first one.

Upon an examination of the schedule it appears however to order the entire record copied, although it enumerates specifically what is to be copied, and the clerk certifies that it is a copy of the entire record, and the motion to dismiss the appeal is overruled.

From the testimony it appears that the appellee Fowler was rightfully in the actual possession of a tract of land belonging to his wife, and while so in possession and in the early part of 1881 one Stewart forcibly took possession of it and remained in possession until the latter part of that year, when the appellant took possession against the will of the appellee and after he had given him notice not to do so. It does not appear whether the appellant obtained possession from Stewart or whether the latter simply abandoned the premises and the appellant thereupon entered.

On February 28, 1882, the appellee sued out a writ of forcible entry against the appellant, and upon a trial in the country the jury found the defendant "not guilty." The appellee traversed the finding and upon a trial in the circuit court the inquisition in the country was found to be untrue, and the appellant Alexander now claims that the Circuit Judge upon the above state of facts erred in not instructing the jury peremptorily to find for him, and in giving the following instruction, to wit: "If the jury believe from the evidence the traverser, Ambrose Fowler, was in the actual possession of the land, to wit: one field and one house on the waters of Errman's Creek in Carter County and the traversee, Robert Alexander, entered upon the same without his consent they will find the inquisition in the country untrue."

He also complains because the court at his instance did not give the following instruction, to wit: "Unless the jury believe from the evidence that the plaintiff was in the actual possession of the land in controversy in this suit, and that the defendant within two years before the suing out of the warrant in this case entered upon that possession without the consent of plaintiff the law is for the defendant and the jury will so find."

In our opinion the instruction given by a fair intendment embraced the one asked by the appellant, and that the jury must have under-

stood by the one given that it required them to believe that the appellee had the possession when the appellant entered upon the land.

If they believed the testimony they were compelled to find that he did have it.

The fact that Stewart wrongfully entered in the early part of 1881 and remained till the latter part of the year did not make the entry of the appellant less wrongful or less a trespass as against the appellee.

If one is actually in possession of land, the fact that a prior trespasser gets possession does not render the entry of a subsequent trespasser less a forcible and wrongful entry as to the first party named, and he may maintain his writ of forcible entry against the latter, equally as against the first trespasser if he sues it out within the time limited by law for its issual.

Any other rule of law would easily enable wrong-doers to defeat the purpose and object of the law, which has been said to be the procurement of cheap justice in the country.

For instance one is rightfully in the actual possession of land; another desires to obtain possession; he procures a third person to enter and take possession wrongfully and by force; and in the course of a few days or months the latter abandons the premises, and then the person who procured this to be done takes possession and relies upon the wrongful entry of the other party to defeat the recovery by writ of forcible entry of the person who originally had the actual possession.

Such a rule would be destructive of both right and remedy; and the judgment below is *affirmed*.

*J. R. Botts, for appellant.*

*A. Duvall, for appellee.*