CASE 79.—FORCIBLE DETAINER ACTION BY RECK & RIEHL
AGAINST C. I. CAULFIELD.—October 8.

# Reck & Riehl v. Caulfield

Appeal from Jefferson Circuit Court; Common
Pleas Branch; First Division.

MATT O'DOHERTY, Judge.

Judgment for defendant, plaintiff appeals — Affirmed.

1. Landlord and Tenant—Notice to Quit—Waiver.—Notice to a
   tenant to quit is waived by the landlord giving a subsequent
   notice, fixing a later date for a surrender of the premises.
2. Forcible Entry and Detainer—Notice to Quit.—A tenant under
   an indefinite tenancy, the term beginning the seventh day
   of the month, was not guilty of forcible detainer until June
   7th, though 30 days' notice to quit was given April 15th,
   since a landlord cannot change the rental day nor the terms
   of the tenancy.

BENJAMIN F. GARDNER for appellants.

A written lease for "one month from February 7, '07 and by
the month," with rent payable "at the beginning of each and
every lease month" is a tenancy for a fixed term, and notice to
tenant to quit, is unnecessary. Even if the lease may be con-
strued a tenancy 'from month to month' and the duration of the
term to that extent indefinite, the court erred in refusing an
instruction that one month's verbal notice was sufficient to termi-
nate the tenancy.

### AUTHORITIES.

Throop v. Broadus, 5 Ky. Law Rep., 812; Riccius & Bro. v.
Columbia Finance & Trust Co., 27 Ky. Law Rep., 880; Pulliam v.

Reck & Riehl v. Caulfield.

Sells, 30 Ky. Law Rep. 456; Squires v. Huff, 3 Marshall, 17; Mendel v. Hall, 13 Bush, 232; National Mutual Benefit Assn. v. Hickman, 86 Ky., 254; Mullens v. Taylor, 8 Ky. Law Rep., 531; Gaither v. Daugherty, 18 Ky. Law Rep., 709; Cyc., vol. 24, pp. 1034, 1041, 1337-8.

FRANKLIN CHAPPELL for appellants.

N. A. RICHARDSON of counsel.

A tenant may by contract become strictly a tenant at will and not entitled to notice to quit, and he does so contract when he signs a lease containing the following stipulation:

"Should the lessee continue to occupy the premises after the expiration of said term, or after a forfeiture incurred, whether with or against the consent of the lessor, such tenancy will be in accordance with the terms of this lease, and in no event from year to year."

The ancient tenancy at will required no notice to terminate it, and such tenancy is now, in Kentucky, a tenancy "from year to year," which entitles the tenant to notice. But when a tenant agrees by a written lease that his tenancy shall "in no event" become a tenancy "from year to year," he surrenders and waives the right to notice to quit, incident to a "tenancy from year to year." (Words & Phrases, vol. 8, p. 1069; Rosenblat v. Perkins, 18 Ore., 156; Sullivan v. Enders, 3 Dana (Ky.) 66; Washburn on Real Property, sec. 815; American and English Encyclopedia of Law, vol. 18, p. 210 (2d Ed.); Taylor on Landlord and Tenant, sec. 56; McAdam, Landlord and Tenant, pp. 102, 105 and 107; Reccius v. Columbia Trust Co., 27 Ky. Law Rep., 880; Pulliam v. Sells, 30 Ky. Law Rep., 456.)

WM. O'CONNOR and D. MOXLEY for appellee.

AUTHORITIES CITED.

1. Intention governs.    (Ky. Cen. Co. v. Newell, 31 Ky. Law Rep., 397.)

2. Notice necessary.    (A. & E. Enc. of Law, vol. 18, 213; Squire v. Huff, 3 A. K. M., 18; Morehead v. Watkyns, 5 B. M., 229; Landers v. Beauchamp, 8 B. Mon., 493; Mendell v. Hall, 13 Bush, 236; Statutes, section 2326.)

3. Nature of notice.    (A. & E. Enc. of Law, vol. 18, 205, 210; Taylor on Landlord and Tenant, vol. 2, 466; Landers v. Beau-

champ, 8 B. Mon., 493; Statutes, section 2326.)

44. Tenancy at will, by the month, or from month to month. (Cyc. vol. 24, pp. 1034, 1035, 1036; McAdams, vol. 1, pp. 106, 108; Pulliam v. Sells, 30 Ky. Law Repp., 457; Statutes.)

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

On the 7th day of February, 1907, the appellants, as agents of the owner of the property, by a written lease rented a storeroom on the north side of Market street, between Eleventh and Twelfth streets, being No. 1147, West Market street in Louisville, Ky., "for the space of one month from February 7, 1907, and by the month;" in consideration of which the appellee agreed and bound himself to "pay for the same ten dollars at the first of each and every lease month, being at the rate of one hundred and twenty dollars per annum." Appellee took possession of the premises under the lease, and opened up therein an ice cream parlor. On the 7th day of April the appellants claim that they gave the appellee oral notice to vacate the premises on May 7, 1907. The giving of this notice is one of the disputed questions in the case; but it is not disputed that, on April 15, 1907, the appellants gave appellee a written notice, which is as follows: "Mr. C. I. Caulfield—Dear Sir: You are hereby notified that 30 days from and after this date we want possession of the premises you now occupy, known as No. 1147 W. Market St. Yours truly [Signed] Reck & Riehl." Failing to vacate the premises on May 15, 1907, in pursuance of the terms of the written notice above set forth, on the 16th day of May, 1907, a writ of forcible detainer against him was sued out by appellants, returnable before R. O. Dorsey, a justice of the peace of Jefferson county. A trial of this writ before the justice and a jury resulted

in a verdict of guilty, the truth of which the appellee traversed, and took an appeal to the Jefferson circuit court, where a trial de novo resulted in a verdict of not guilty, and from the judgment based upon this verdict, the appellants are here on appeal.

The conclusion we have reached in regard to this case renders it unnecessary to discuss the alleged errors complained of by the appellants. On their own evidence the appellee was entitled to a peremptory instruction to the jury to find him not guilty. Under the lease the term was an indefinite one, but it is immaterial to inquire whether or not, under it, the tenant was entitled to 30 days' notice to quit before the premises could be recovered of him; nor is it material to ascertain whether it was true, as claimed by appellants, that they gave appellee a 30 days' oral notice to quit on the 7th day of April, 1907. They admit that, on the 15th day of April, 1907, they gave the tenant the written notice to vacate the premises 30 days thereafter. The oral notice was waived by the written notice, and by the very terms of the latter the tenant was permitted to remain in the leased premises after the next rental day, which was the 7th of the month, the lease commencing on that day and running from month to month. So that by the terms of the notice the tenant was informed that he might retain the premises after May 7, 1907, and he was not a wrongdoer in so remaining. It was not within the province of the landlords to change the terms of the tenancy or the rental day. If they consented to the tenant's remaining in the premises beyond the next rental day after the notice, they could not force him to leave until the succeeding rental day. In the case of David v. Hall, 6 Ky. Law Rep. 444, the superior court thus stated the rule on this subject: "Under a tenancy from

month to month, the term beginning on the first day of the month, the tenant is not guilty of a forcible detainer until the first day of the next month after one month from the service of notice to remove. Under such a tenancy, where notice was served August 27th to give possession in one month from the service of the notice, it is held that the tenant was not guilty of a forcible detainer until October 1st." Applying this principle to the case at bar, when the landlords, on the 15th day of April, 1907, gave the tenant 30 days' notice to quit, the tenant was not guilty of forcible detainer until the next rental day after the expiration of the 30 days' notice. In other words, the appellant would not have been guilty of forcible detainer until June 7, 1907.

Assuming that appellants gave the oral notice on the 7th day of April to the tenant to quit the premises on the 7th day of May, they waived all rights thereunder by giving the second notice in writing. In 2 Taylor on Landlord and Tenant (9th Ed.) sec. 485, it is said: "After the landlord has given notice, and the time limited by it has expired, he may do some act which amounts to a waiver of it, and so recognize a new or subsisting tenancy." And in section 486 it is said: "Notice may be waived by giving a subsequent notice to quit, because the latter notice is an acknowledgment that the tenancy still subsists after the expiration of the former one." And even if it be assumed that the tenant ,under the lease, was not entitled to any notice at all, which is the most favorable position that appellants can occupy, the written notice, given on the 15th day of April, to vacate in one month thereafter, was a permission to the tenant to remain in the premises after the expiration of May 7th, the rental day; and, this being true, they could not require him

to remove before the next rental day, which, as said before, was June 7, 1907.

It results from this view of the case, that the tenant was not guilty of forcible detainer on May 16, 1907, and he was, therefore, entitled, at the conclusion of appellants' testimony, to a peremptory instruction to the jury to find him not guilty.

Judgment affirmed.

Petition for rehearing by appellant overruled.