## Scheidell v. McGregor.

(Decided April 27, 1937.)

J. A. EDGE for appellant.

H. S. McGUIRE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

Appellee, A. G. McGregor, was the owner of an apartment house in the city of Lexington, Ky., and rented one of the apartments therein to the appellant, Miss M. M. Scheidell. It appears that the lease con-

tract was agreed upon about May 30, 1934, and, appellant desiring to make certain changes in or improvements of the apartment before moving into it, appellee delivered to her the keys on or about the date above mentioned and she entered the premises and made the desired repairs, which was done between the first and the 15th of June. She first insisted that she be allowed credit for one month's rent to reimburse her for making the repairs, but it was finally agreed between the parties that she be allowed one-half month's rent, or to June 15th, for making the repairs. On June 17, 1934, appellant gave appellee her check for $27.50 (the contract price per month) and indicated on the check that it was for rent to July 15, 1934. Thereafter she gave appellant her check for a like amount on the 15th day of each month for rent to the 15th day of the succeeding month, until and including January 15, 1935. On January 21, 1935, appellee served notice on appellant to the effect that her tenancy of the leased premises was terminated and requested her to surrender possession of same 30 days from date of the notice. On the 4th day of February, 1935, appellee gave appellant a second notice to vacate the premises on March 15, 1935.

Appellant refused to vacate the premises and appellee procured from a justice of the peace of Fayette county, a writ of forcible detainer against her and upon a trial in the justice's court the jury found her guilty as charged in the writ, and she appealed or traversed to the circuit court of Fayette county, and upon a trial had in that court the jury again found her guilty and from a judgment entered on that verdict she has prosecuted this appeal.

A reversal of the judgment is asked upon the ground that the evidence conclusively shows that appellant's tenancy on the leasehold began on the first day of June, 1934, and was from month to month, and that the terminal date of the lease was on the first day of a month, whereas the notice required her to vacate on the 15th day of the month, and therefore, both notices were void and the court should have sustained appellant's motion to instruct the jury to find her not guilty of forcible detainer.

Appellant relies upon the case of Reck & Riehl v. Caulfield, 129 Ky. 695, 112 S. W. 843, wherein it is held

that where the tenant enters the leasehold on a certain day of any month when the tenancy is by the month, the landlord is without right to change the lease or rental periods and require the tenant to vacate the premises on a date other than a terminal date of the lease.

There is a controversy between appellant and appellee as to whether the rental contract began on the first day of June, 1934, or on the 15th day of that month, and upon this question the evidence is more or less conflicting. It appears that a written contract was prepared but was never signed by the parties. No written contract appears in the record, and we have only the oral testimony of the witnesses. Appellee admits that he turned over the keys to the appellant on the 30th day of May, 1934, that being the day she said she would sign the lease contract. He testified that appellant entered the premises about June 1, 1934, and that he allowed her rent for one-half of the month to reimburse her for the work that she had done on the apartment and that she began paying rent as of June 15th, and on the 17th day of June she gave him a check for $27.50 for the rent until July 15, 1934, and that she continued to pay him that sum on about the 15th day of each month from that time and each of her checks represented one month's rent in advance, which was in accordance with their agreement.

Mrs. William Finell was agent for appellee and occupied an apartment in the apartment house in question and looked after renting the apartments and collected rents for appellee. It appears that the contract in question was partly negotiated with appellant himself and partly with his agent, Mrs. Finell. Mrs. Finell testified that the apartment was rented to appellant about the last of May, and appellant took possession of it between the first and the 15th of June, and that her rent started on June 15th, but she was charged no rent previous to that date because of the work she had done in repairing the apartment; that on the 17th day of June appellant paid the rent by check and indicated on it that it was for rent until July 15th, and kept up this system of payment until and including January 15, 1935.

Appellant testified that she had arrangements with appellee and his agent, Mrs. Finell, about the credits

on the rents for the repairs and changes made in the apartment, and after she made the repairs she called appellee and told him that due to the work that was necessary to be done in the apartment she should be entitled to a month's rent, and he said he had nothing to do with that, and anything that Mrs. Finell did would be all right with him. However, she was allowed only one-half of the month of June as credit for the work she did on the apartment. She further stated that on the 15th day of June she went to see Mrs. Finell and she, Mrs. Finell, showed her a lease she wanted her to sign and she asked for a copy of it, and Mrs. Finell said it was not customary to give the tenants a copy of the leases they made, and she, appellant refused to sign the lease. She said that on the 15th of June she paid Mr. McGregor for the balance of the month of June and for the first half of the month of July, and that he had already given her credit for the first half of June; that thereafter she paid the rent on the 15th day of each month until the 15th day of the succeeding month.

It might appear from the evidence of appellee, standing alone, that the rental contract actually began the first day of June, 1934, so far as his negotiations reached, but it appears that part of the arrangements or contract was left to his agent, Mrs. Finell, and she stated that the rental contract started on June 15th. It appears that Mrs. Finell is corroborated by the circumstance that appellant paid her first month's rent on June 15th, to July 15th, which would have been one month in advance. According to appellant's theory she paid the rent six weeks in advance. If it be conceded that it was understood at first between appellant and appellee that the rental contract was to begin as of June 1, 1934, it appears that by the subsequent conduct of the parties the tentative date was abandoned and the actual rental contract began June 15th. We think that this circumstance, considered in connection with the evidence of Mrs. Finell, was sufficient to make an issue for the jury in respect of the rental date, that is, whether it began June 1, or the 15th, and that the court properly submitted the question to the jury. The court instructed the jury in substance, that if it believed from the evidence that the rental contract began June 1, 1934, it would find the defendant not guilty, but if it

believed that the rental contract began June 15th, it would find her guilty. There being some evidence of a substantive nature tending to show that the rental contract began June 15th, and it being the sole province of the jury to judge and weigh the evidence, we are unauthorized to disturb its finding.

Judgment affirmed.