JOHN E. McKINNEY, Respondent, v. NICHOLAS GUHMAN, Appellant.

St. Louis Court of Appeals, December 17, 1889.

1. **Practice, Appellate.** An appellant will not be allowed to change in the appellate court the theory on which he proceeded in the trial court.

2. **Husband and Wife:** LIABILITY FOR NECESSARIES. When the husband and wife are separated, and the separation is not voluntary, the husband can only be charged for necessaries furnished to the wife, upon proof that the separation was caused by his misconduct.

3. ———— : ————. If such separation be voluntary, the husband is chargeable for such necessaries only upon proof that he did not make, or did not pay, to the wife an allowance reasonably sufficient for the supply of necessaries, the burden of proof being upon the party seeking to charge the husband.

McKinney v. Guhman.

4. ——— : ———. In the latter case, the husband is liable, if he did not pay his wife an allowance sufficient to supply all necessaries; and, therefore, a husband is not relieved from liability for board furnished to his wife, when the allowance, though ample for board, was not sufficient for all necessaries.

5. **Practice, Trial:** NON-DIRECTION. A trial court is not bound to instruct the jury in regard to the burden of proof, unless a proper instruction on the subject be asked.

6. ——— : OBJECTIONS TO EVIDENCE. An objection to a question on the general ground of incompetency is not sufficient to raise the objection, that the question calls for a mere conclusion of the witness.

7. **Evidence:** COMPETENCY OF JUDGMENT. A judgment is not competent evidence against one who is a stranger to it.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Thos. A. Russell,* for the appellant.

*Christian & Wind,* for the respondent.

BIGGS, J., delivered the opinion of the court.

The plaintiff seeks to recover from the defendant the amount of a board bill, which he claims to be due him from the defendant for the board of defendant's wife and minor child, from June 20, to July 14, 1888, and from September 12, to November 20, 1888. The defendant and his wife were not living together at the time. The defendant denied liability for the reason that, during the time his wife and child boarded at the plaintiff's house, he furnished her with a reasonable allowance to pay board, and purchase other necessaries. There was no dispute about the fact that the plaintiff furnished the board, and it seems to have been conceded by the defendant, that the amount charged by the plaintiff was reasonable. The case was submitted to

the jury under the following instructions given by the court on its own motion.

"1. The court instructs the jury that plaintiff can recover for no board furnished the wife or child of defendant after October 27, 1888.

"2. The court instructs the jury that if the plaintiff furnished board to the wife and child of the defendant in the expectation that the wife would pay therefor, and not on the credit of the defendant and with no intention to charge the defendant for such board, then the verdict must be in favor of the defendant.

"3. The court instructs the jury that, if they believe from the evidence that, at the time plaintiff furnished the wife and child of defendant the board sued for, the defendant furnished his wife means reasonably sufficient to provide herself and child with necessaries, including said board, then the plaintiff cannot recover in this action."

The verdict and judgment was for the plaintiff, and the defendant has appealed the case. The defendant complains of the instructions and the action of the court in the admission of incompetent evidence.

The defendant's counsel seems to regard the separation of the defendant and his wife as involuntary in its character, and he seeks to apply the law applicable to such a case. Hence he argues that the instructions given by the court are faulty, because the jury was not required to find, that the separation was caused by the fault of the defendant, in order to authorize a recovery against him. This is undoubtedly the law in cases of involuntary separation. In actions against the husband for necessaries purchased by the wife, while the parties are living together, the right of the wife to pledge the credit of the husband is presumed; but when there has been an involuntary separation, before the husband can be charged for necessaries furnished the wife, it must affirmatively appear that the separation was caused by the misconduct of the husband.

The facts in this case do not establish an involuntary separation; and the theory of the defense in the trial court was, that the separation was the result of a mutual agreement between the defendant and his wife, and that, during the time the plaintiff boarded the defendant's wife, the defendant paid her a monthly allowance, which was reasonably sufficient to procure for the wife and child the necessaries of life. The defendant does not say in so many words that the separation was by mutual consent, but he does not deny the statement of his wife to that effect; and, in addition to this, the payment of the allowance by the defendant was very strong evidence that the separation was voluntary, and that he recognized the continuation of his legal obligation to provide for his wife's support. In any event, this is the only rational view that can be taken of the defense interposed in the circuit court; and it is the well-settled rule of appellate practice, that the defendant will not be permitted to change front in this court.

When there has been a mutual separation between husband and wife, two things are necessary to relieve the husband from the payment of debts contracted by the wife for necessaries: *First.* The husband must make an allowance to the wife for her support, and the amount so allowed must be reasonably sufficient to furnish the wife with necessaries. The word " necessaries " would include board, washing, suitable clothing and medical attendance. *Second.* The allowance must be regularly paid. The mere agreement of the husband to pay the allowance does not relieve him of his legal obligations ; nothing short of actual performance will suffice. Schouler's Domestic Relations [3 Ed.] sec. 68. But in such a case, when the husband is sought to be charged with necessaries furnished to the wife, it devolves on the plaintiff to show either the inadequacy of the allowance, or a failure by the husband to pay. Schouler [3 Ed.] sec. 69.

The instructions given by the court submitted these two questions of fact to the jury. The plaintiff's evidence tended to prove that the amount paid by the defendant was not sufficient to purchase all necessaries for the defendant's wife and child.; and his evidence also tended to prove that the defendant failed to pay his wife anything during the months of August, September and October, 1888. The defendant, however, complains because the court in its instructions failed to direct the jury that the burden of proof rested on the plaintiff to show that the defendant had failed, or refused, to supply his wife with means reasonably sufficient to provide herself and child with necessaries, or that he had failed to pay the allowance promptly. It is true the court did fail to so direct the jury, but this could only be regarded as a case of non-direction, and not mis-direction, unless the court refused a proper instruction asked by the defendant which supplied the omission. 2 Thompson on Trials, sec. 2341. The defendant's counsel insists that the third instruction asked by him, and refused by the court, supplied this defect in the court's charge to the jury, and that the court committed error in refusing it. That instruction reads as follows:

"3. The court instructs the jury that the burden is on the plaintiff to show that the defendant refused or neglected to supply his wife with the means to pay their board. Unless, therefore, you believe that the defendant neglected or refused to supply Mrs. Guhman the means to obtain board for herself and child your verdict should be for the defendant."

This instruction was faulty and properly refused, because it did not submit the true issue to the jury. The inquiry was not whether the defendant had furnished his wife with sufficient money to pay her board, but whether the amount was sufficient to supply her with all necessaries for herself and child. This

would include not only board but suitable clothing and medical attendance.

There was nothing objectionable in the second instruction asked by the defendant and refused by the court. It was substantially the same as the third instruction given by the court; therefore its refusal does not amount to reversible errror.

The defendant also assigns for error the action of the court in overruling an objection made by him to the following questions, propounded by plaintiff's attorney to Mrs. Guhman.

"*Q.* Was thirty-five dollars a month sufficient to support you?" The defendant objected because the question was "immaterial and incompetent."

The question was improper and called for a conclusion, and, if such an objection had been urged, the trial court would have been justified in sustaining it.

On the trial, the divorce proceedings between the defendant and his wife were read in evidence, and it appeared that the court had decreed alimony to the wife amounting to thirty-five dollars per month. This suit for divorce was brought by the wife, and the decree for alimony entered long after the plaintiff's debt accrued. The defendant's counsel insisted, on the trial, that the ascertainment by the court of what was reasonably sufficient for the wife's support precluded the plaintiff from showing that a greater amount was necessary.

There is no rule of law, with which we are acquainted, that would sustain the defendant in this position. The plaintiff was a stranger to the divorce proceedings, and of course could not be bound by them.

Our conclusion is that the judgment is for the right party and ought to be affirmed. It is so ordered. All the judges concur.