## ALIMONY—RES ADJUDICATA—SUBSEQUENT GROSS NEGLECT.

### [Lucas (6th) Court of Appeals, July 7, 1913.]

### Kinkade, Richards and Chittenden, JJ.

### *HERMA M. CADWELL v. FRANK W. CADWELL.

**Alimony to Wife for Gross Neglect of Duty, by Husband, not Barred by Former Refusal of Alimony to Wife in other Jurisdiction of State in Prior Actions.**

> Where, in prior actions in another jurisdiction in this state, the courts have held in suits between the same parties for divorce and alimony, that the separation of the parties was caused by the fault of the wife, but that she had not been guilty of willful absence for three years, nor of gross neglect of duty, nor extreme cruelty, and have adjudged that the husband should make a fixed monthly payment for the support of the children, but refused an allowance of alimony to the wife, such adjudications are final and conclusive as to conditions then existing, but do not preclude an allowance of alimony on grounds subsequently arising.

APPEAL from common pleas court.

*Marshall & Fraser* and *Berkeley Pearce,* for plaintiff.
*Richard H. Lee,* for defendant.

## RICHARDS, J.

This is an action brought by the plaintiff against her husband for the purpose of securing an allowance of alimony. The parties to this action have had a great deal of litigation in the courts of Cuyahoga county over their marital troubles, two actions for divorce having been brought in that county by the husband and divorce refused in each case. The first of these actions resulted in an allowance of alimony to the wife, from which allowance the husband appealed to the circuit court, which latter court on a hearing of the case, in the decree rendered De-

---

*Affirmed, no op., **Cadwell v. Cadwell,** 91 O. S. 000; 60 Bull. 428.

cember 16, 1911, refused the wife alimony but gave her the custody of the two children of the parties and ordered the husband to pay to her for the support of the children $30 on the first day of each month.   The prayer for alimony was, by the circuit court specifically denied.

It appears from the evidence in this case that Mrs. Cadwell resided up to the time of her marriage to the defendant, which occurred on June 15, 1898, in this county and that after their marriage they resided in the city of Cleveland, which city had always been the home of the husband.   In the year 1909, she left him, taking the two children, and came to live with her parents in Lucas county, and has continued to reside here from that time.   Certain matters must be considered to have been adjudicated between these parties and not now open to further discussion or consideration.   We must take it for granted as held by the circuit court in Cuyahoga county that the separation of the parties in the year 1909 was occasioned not because of habitual drunkenness of the husband as was claimed by the wife but by an ill grounded jealousy on her part, and that as held in the decision of that court the evidence was not such as required her to leave him permanently.   In the second divorce case brought by the husband, after the decision of the circuit court to which reference has just been made; the common pleas court held in a decision rendered May 24, 1913, that she had not been guilty of willful absence from her husband for three years nor of gross neglect of duty or extreme cruelty towards him.   These matters so adjudicated by the courts in that county will not be opened up for further examination by this court.

The plaintiff in her petition for alimony in this county avers that her husband has been guilty of gross neglect of duty in failing to provide for her since the decision rendered by the circuit court and since her offer to return and live with him and her ineffectual attempt to bring about a reconciliation between them.   It is insisted by counsel for Mr. Cadwell that this court has no jurisdiction to allow alimony to the wife because of the decree rendered in the circuit court in Cuyahoga county.   That court after clearly recognizing the distinction existing between alimony on the one hand and an allowance for the support of

Cadwell v. Cadwell.

the children on the other, as already stated, specifically refused alimony under the facts then existing. Mrs. Cadwell was then claiming alimony by reason of the alleged habitual drunkenness of her husband, and the court found that the drunkenness was not of such frequency as to be habitual, and therefore and for that reason refused to allow her any alimony. Her present claim is based upon occurrences since the date of that decision. It is not the law that the former decision is an adjudication that no cause for the allowance could thereafter arise. The allowance which was made by that court for the support of the children is in no sense of the word a provision for her by way of alimony.

We call attention to *Pretzinger* v. *Pretzinger*, 45 Ohio St. 452, 459 [15 N. E. Rep. 471; 4 Am. St. Rep. 542]—where the distinction is clearly pointed out by the Supreme Court. Indeed it was held by the Supreme Court in the case of *Rogers* v. *Rogers*, 51 Ohio St. 1 [36 N. E. Rep. 310], that an allowance for the maintenance of minor children was not appealable. While the law has always been in Ohio that the allowance of alimony is appealable, by act, 90 O. L. 186 (Sec. 8035 G. C.), the right to appeal from the allowance for the maintenance of children was first granted. I only call attention to this decision and the latter statute to indicate the distinction between alimony and an allowance for the maintenance of children. Our Supreme Court in *Fickel* v. *Granger*, 83 Ohio St. 101, 106 [93 N. E. Rep. 527; 32 L. R. A. (N. S.) 270; 21 Ann. Cas. 1347], says that "Alimony is an allowance for support, which is made upon considerations of equity and public policy. * * * It is based upon the obligation, * * * that the husband must support his wife." We are then at liberty to determine the claim of the wife to alimony in this case and render such decree as the facts may justify, unhampered by the refusal of the circuit court in Cuyahoga county to allow her alimony on the facts existing at the time of the decision in that court, in December, 1911.

The evidence tends to show that subsequent to said decision she, in good faith, sought a reconciliation with her husband and offered to return and live with him and resume their marital relations. The husband strenuously insists that such offer was

not made in good faith but only for the purpose of enabling her to secure a portion of his property.    When asked on the witness stand to state what would satisfy him that she was acting in good faith in making her offer, he was unable to state or at least failed to state what would be sufficient.

We are not willing to concede that his determination that she was acting from a mercenary motive and not in good faith is final.    On the contrary, her motives are to be determined by the court in which her action is pending.    If his arbitrary conclusion that her offer to return was not in good faith should be binding and should be persisted in by him, then the fact that she left him originally for an insufficient cause would always prevent her from obtaining that support and maintenance to which a wife is entitled.

It may be noted in passing that it appears from the evidence that the husband offered, before the trial in the circuit court of Cuyahoga county, to take the wife back to his home and expressed a willingness to become reconciled and that they should thereafter live together as husband and wife.    She insists that this offer so made by the husband was not in good faith but for the purpose of preventing her obtaining an allowance of alimony in the case then pending and she urges that his subsequent refusal to accept her offer to return is confirmation of her view that his own offer was not made in good faith.

The rule governing the rights of the parties under the circumstances existing in this case, seems to be clearly and concisely stated in 9 Am. & Eng. Enc. Law 775:

"Where the parties have separated by consent or one has left without justifiable cause, if one party seeks a reconciliation and offers to return, the party declining the offer is not entitled to relief but in law becomes a deserter."    See also cases cited on the same page.

We find that from the time of her offer to return, made since the circuit court decision in Cuyahoga County, the defendant has been guilty of gross neglect of duty and that the plaintiff is entitled to an allowance of alimony for her support.

The evidence shows that the defendant is the owner of certain real estate in the city of Cleveland and described in the

Cadwell v. Cadwell.

petition, having a rental value of $80 to $100 per month, and that he is in receipt of a salary of $80 per month. He is now paying to the plaintiff for the support of the children $30 per month which we assume will be continued. We allow her as alimony for her own support the sum of $40 per month, payable $40 cash and a like payment on the first day of each month, and we adjudge the costs against him including an attorney's fee to her counsel for services in this case in the sum of $100.

In view of the contention that her attempted reconciliation and offer to return has not been made in good faith, this court expressly retains control and jurisdiction over this case with the right to make such modification in the allowance of alimony as the subsequent conduct of the parties, or changed conditions may render necessary.

**Kinkade** and **Chittenden, JJ.,** concur.