LAURA B. COTTER, APPELLANT, v. VALENTINE COAL COMPANY ET AL., RESPONDENTS.*

Kansas City Court of Appeals. February 11, 1929.

*Corpus Juris-Cyc References: Husband and Wife, 30CJ, section 29, p. 517, n. 54, 62; section 32, p. 519, n. 8; Workmen's Compensation Acts, —CJ, section 50, p. 59, n. 61; section 114, p. 115, n. 37; section 127, p. 123, n. 45.

*Sylvan Bruner* and *Mosman, Rogers & Buzard* for appellant.

*Silvers & Sheppard, Pingry, Nulton & Stevenson* and *Con Murphy* for respondents.

BLAND, J.—One William Cotter received injuries on March 12, 1927, resulting in his death on July 5th, of that year, under such circumstances as to entitle his dependents, if any, to a death benefit from defendant, his employer, under the terms of the Workmen's Compensation Act (Laws of 1927, page 490).

Plaintiff who had been separated from the deceased for eighteen years before his death instituted a proceeding before the Work-

men's Compensation Commission for a death benefit, which she claims to be due her as the widow of said Cotter. The case was first tried before one of the members of the Commission, who made the following findings in reference to the matter under dispute:

"The most favorable construction which can be placed on the evidence is that it was a separation by mutual consent, with no offer in good faith on the part of either the husband or wife to return to the other, and until the wife makes such an offer she is as guilty as he, and cannot hold him legally liable for her support. So she cannot be conclusively presumed to be totally dependent for support upon the deceased employee as provided in Section 21 (d) (1) of the Act, nor is she dependent in fact because the evidence shows that he was contributing nothing to her support for many years."

Plaintiff filed her application for a review and a hearing was had before the full Commission which sustained the award of said commissioner. Plaintiff thereupon appealed to the circuit court of Bates county where the cause was submitted to the court without a jury, upon the certified record of the case before the commission. At the request of the defendant the court found that plaintiff was not *actually* dependent upon William Cotter at the time of his death and had not been during the time of their separation, and that "there is no evidence that William Cotter was *legally liable for the support of Laura B. Cotter* at the time of his death, and that the burden of proof, to show such legal liability, was on the claimant, Laura B. Cotter, she having been separated from her husband and living separate and apart from him for about eighteen years." (Italics ours.) Numerous declarations of law were requested by plaintiff but refused by the court. The court rendered judgment for the defendant. Plaintiff has appealed.

The only testimony adduced before the Commission was that of the deposition of plaintiff introduced by defendant. She testified that she and deceased lived together about eighteen years; that plaintiff had been previously married to one Burke from whom she was divorced at the time of her marriage to deceased. She further testified that no children were born of her marriage with the deceased; that they separated about eighteen years prior to his death; that they were then living in Pittsburg, Kansas; that after the separation plaintiff and her daughter were employed in a store in Pittsburg for about eight years; that her daughter then married and plaintiff stopped working and lived with her daughter and the latter's husband in Pittsburg, Kansas, Osawatomie, Kansas and Taylorville, Illinois, and was wholly supported by them; that deceased contributed nothing to her support after the separation.

In reference to the cause of the separation plaintiff testified that she did not leave deceased but that he "left me" and went to Mid-

way, Kansas, to live with his sister; that about a month afterwards he returned and "took his belongings;" that this was the last time she had any communication with deceased, either verbally or in writing. At the time they separated deceased told her "if I ever needed any money to ask him for it, and if he had it I should have it." "If I asked him for it he would give it to me," "he would help me." She testified that she had never asked him for any money, although she needed money during the eighteen years transpiring from the time of the separation to his death; that she "had never needed it bad," or she "would have asked him for it;" that she intended to ask him for money "if I needed it bad enough." She testified that she had had "absolutely nothing to do with him (deceased) during the eighteen years" that they were separated; that she was living in Pittsburg at the time the accident happened to him, and although she was there most of the time until his death she did not visit him or telephone the hospital to ascertain his condition; that he did not send for her and she supposed he did not wish to see her. It appears that neither the plaintiff nor the deceased ever applied for a divorce.

It is contended by the plaintiff that the court erred in rendering judgment for the defendant. Section 21 of the Compensation Act reads in part as follows:

"The word 'dependent' as used in this act shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his wages at the time of the injury. The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee in the following order and any death benefit shall be payable in the following order, to-wit: .

"1. *A wife upon a husband legally liable for her support* and a husband mentally or physically incapacitated from wage earning upon a wife. Provided that on the death or remarriage of a widow, the death benefit shall cease unless there be other dependents entitled to any unpaid remainder of such death benefit under this act." (Italics ours.)

Plaintiff does not claim that there was any actual dependency upon deceased for her support, but insists that he was legally liable for her support, and therefore, she was conclusively presumed to be totally dependent upon him for support within the meaning of the statute.

We are limited by the provisions of section 44 of the Act, as was the trial court, in our review of the facts in this case. This section provides that upon an appeal from the commission to the circuit court;

"No additional evidence shall be heard and in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for re-hearing, or set aside the award upon any of the following grounds and no other:

"1. That the commission acted without or in excess of its powers.

"2. That the award was procured by fraud.

"3. That the facts found by the Commission do not support the award.

"4. That there was not sufficient competent evidence in the record to warrant the making of the award."

This section also provides for an appeal from the circuit court to the appellate courts.

In determining the sufficiency of the evidence to sustain the finding of fact by the commission this court will look only to the evidence which is most favorable to support such·finding. Such finding stands on the same footing as a verdict of a jury or finding by a trial court sitting as a jury. If there is sufficient evidence to sustain the finding of the commission, the question then to be determined is whether or not the·law imposes the burden upon deceased to support his wife under the facts found by the commission, in other words whether the facts found by the commission support the award. [Colgate & Co. v. Smith, 151 N. E. (Ind.) 434.] In this connection the evidence establishing that plaintiff and deceased were separated and living apart, the burden was upon the plaintiff to show that he was legally liable for her support at the time of his injury. [Jelicic v. Vermillion Coal Co., 144 N. E. (Ind.) 38; Sturbridge v. Franklin, 160 Mass. 149; 30 C. J. 595.]

We think that the Workmen's Compensation Act contemplates unequivocal findings of fact on the part of the commission, and we do not feel that the findings of fact by the commission in this instance fully meet the requirements of the statute. But the findings were evidently intended for that purpose and we will so regard them and assume that the findings were that the separation was by mutual consent and there was no offer in good faith by either party to return to the other.

In reference to the liability of a husband to support his wife where the separation is by mutual consent it is stated in McKinney v. Guhman, 38 Mo. App. 344, 347: "When there has been a mutual separation between husband and wife, two things are necessary to relieve the husband from the payment of debts contracted by the wife for necessaries: First. The husband must make an allowance to the wife for her support, and the amount so allowed must be reasonably sufficient to furnish the wife with necessaries. The word 'necessaries'

would include board, washing, suitable clothing and medical attendance. Second. The allowance must be regularly paid. The mere agreement of the husband to pay the allowance does not relieve him of the legal obligations; nothing short of actual performance will suffice.'' [See, also, Dwyer v. Dwyer, 26 Mo. 647, 653; Lindenschmidt v. Lindenschmidt, 29 Mo. App. 295; Coulter v. Coulter, 175 Mo. App. 1, 7.]

It is held in the Lindenschmidt case that where a wife lives apart from her husband with his consent he is bound to support her, but if she refuses to return upon his request she is not entitled to a decree of maintenance and forfeits her right to support. From the authorities we take it that where there is a separation by mutual consent the husband is bound to support the wife, unless he makes a reasonable allowance to the wife for her support and that such allowance has been regularly paid, or that he had made a request that she return and she has refused to do so. On this point, in addition to the cases cited, see, also, In re Wood's Estate, 288 Mo. 600, 601; Alley v. Winn, 134 Mass. 77; Martin v. Martin, 100 S. E. (S. C.) 156; 30 C. J., pages 516, 517, 519, 594, 595, 598; 12 R. C. L., page 1205.

There is sufficient evidence and inferences to be drawn from the evidence contained in the record to substantiate the finding of the commission that the separation was by mutual consent or, at least the separation was not through the fault of the plaintiff. Plaintiff testified that she did not leave deceased but that he left her. If he left her on account of her fault or conduct he would not be legally bound to support her. [30 C. J. 519.] But it would hardly be reasonable to suppose had she been guilty of any misconduct, or without cause left him against his will he not being guilty of any misconduct, that he would offer to give her money for her support if she at any time needed it. The finding that neither party had offered in good faith to return to the other was substantially a finding that deceased never requested plaintiff to return. The evidence tends to show that there never was any request made of deceased of plaintiff to return. She testified that there was no communication between them. We, therefore conclude that the findings of fact of the commission is supported by the evidence and that at the time deceased received his injury he was under legal liability to support plaintiff. Consequently she was a dependent within the meaning of section 21, Workmen's Compensation Act, and the court erred in finding to the contrary.

We have examined the cases cited by the defendant and find them not in point. The language of the Workmen's Compensation Acts of most of the States with reference to the provisions for ascertaining dependence, is entirely different from that contained in the Missouri

1144

Act. In the case of Jelicic v. Vermillion Coal Co., supra, where a similar statute to ours was construed, it was held that the plaintiff did not sustain the burden of proof, in that the separation had continued over a number of years, and there was no proof that it was caused by any fault of her husband or that she was free of such conduct as to relieve her husband of his obligation to support her. In Brown v. Templeton Coal Co., 137 N. E. (Ind.) 724, the separation apparently was voluntary on the part of both parties, but thereafter the widow refused to live with her husband. In the case of Roberts v. Whaley, L. A. R. 1918A, page 189 (Mich.), a different statute than ours was involved, and what was said in reference to the presumption of dependency in that case had to do with a presumption that required proof of certain facts to give rise to it. Under our statute it is necessary to merely prove that the husband was legally liable for his wife's support in order to give rise to the presumption.

In the case of Perry v. Industrial Acc. Commission, 169 Pac. (Calif.) 353, the court, construing a statute of that State which contained a provision substantially the same as the one in controversy here, held that the wife was not *actually* a dependent where the commission found that her husband was separated from her some years prior to his death and subsequently did not contribute to her support, and almost immediately after the separation commenced living with another woman by whom he had two children. The commission found that the wife was guilty of certain conduct which tended to show a waiver of her right to support, if there can be such a thing as a waiver of such right. A finding of the commission that the wife was not *actually* a dependent at the time of the death of the employee was upheld. However, that was a contest between the illegitimate children and the widow and *the court assumed that deceased was legally liable for his wife's support.* The commission awarded the fund to the children, but this was upheld under the provisions of the statute of that State permitting the commission to "apportion the benefits among the dependents in proportion to their respective needs as may be just and equitable, and may order payment to a dependent subsequent in right or not otherwise entitled, upon good cause being shown therefor." The court upheld the award of the commission on the theory that it could not interfere with the determination by the commission of a matter of this kind under the statute, and said there was no question raised but that the two children were conclusively presumed under the statute to be wholly dependent for support upon the deceased.

In support of this contention the defendant cites a leading English case, that of New Monckton Collieries v. Keeling, 4 B. W. C. C. 332, and many cases in this country following the law laid down in that

case. In that case it was held by the House of Lords that the widow was not entitled to compensation; that the fact that the husband was liable in law to support his wife was not sufficient to maintain a claim for compensation; that the obligation or liability to support is not the same as actual support. Of course, the House of Lords in that case had an entirely different statute under consideration than that existing in this case. It is quite apparent that this case is not in point. However, it is claimed that there is a difference between the duty of a husband to support his wife where they are living permanently apart, rather than only temporarily. We know of no such distinction in the law. Defendant insists, "to bring one within the statute, to be 'conclusively presumed to be totally dependent for support upon the deceased employee' is not enough. This might be true, and yet the employer would not be held responsible under the statute. It must further appear that the dependent had been supported 'in whole, in part' out of the wages of the employee; and was receiving such support 'at the time of the injury.' " As we understand this contention of defendant, it is claimed that, although the statute provides that the wife is conclusively presumed to be totally dependent for support upon a deceased husband legally liable for her support, the wife must still prove she was a dependent. Of course, this is not the law. [Am. Milling Co. v. Industrial Board, 279 Ill. 560; Goelitz v. Industrial Board, 278 Ill. 164.]

The fact, if it can be a fact, that plaintiff could not maintain an action for maintenance under the provisions of section 7314, Revised Statutes 1919, is not determinative of the question as to whether or not deceased was legally liable for the support of plaintiff at the time of his injury. The Compensation Act does not purport to refer to any right of the wife given her exclusively by a statute such as section 7314, which is a procedural statute, but is broad enough in its language to include legal liability for support at common law as well as under the statute.

It cannot be successfully contended that plaintiff waived her right to support as such a right does not depend on contract but is provided by law as a matter of public policy. [30 C. J. 517; 13 R. C. L., page 1188.] The fact that the wife does not demand support makes no difference. [30 C. J. 517.]

A motion has been filed in this court by the defendant seeking to have the cause transferred to the Supreme Court on the ground that a constitutional question is involved, in that, in the trial court, the defendant raised a question as to the constitutionality of the Workmen's Compensation Act. However, the trial court found in favor of the defendant and it did not appeal. It is, therefore, not in a position to raise such a constitutional question here. [Lux v. In-

surance Company, 285 S. W. 424.] The motion to transfer is over-ruled.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.