## DORA E COLEMAN v FREDERICK J COLEMAN

Ohio Appeals, 6th Dist, Ottawa Co
No 130.  Decided June 23, 1930

Graves & Duff, Port Clinton, for Dora Coleman.

True, Crawford & True, Port Clinton, and Harry H. Grist, Toledo, for Frederick Coleman.

RICHARDS, J.

The trial judge found that no good reason exists why these parties should not live together and that the plaintiff, had, in good faith and without qualification or condition, made repeated offers of reconciliation which were spurned and repulsed by the defendant, and it appears from the bill of exceptions that such finding is sustained by sufficient evidence.  Under the law and in those circumstances, refusal by the husband to take the wife back, amounts to desertion, even though he was not originally at fault.

Cadwell vs. Cadwell, 2 Ohio App., 278, 282; 19 C. J., 67.

The trial judge, however, refused to award alimony to the plaintiff for the reason that he found she had ample income of her own for her support, which she was receiving as a teacher in the public schools.

No children were born of the marriage. Both parties to the action are young and in good health, and the plaintiff in receipt of a salary as a school teacher amounting to $138.00 a month for nine months in the year, while the defendant is employed as a salesman and is in receipt of a salary of $275.00 a month and expenses.  He is also the owner of an undivided interest in some farm land, which he, with others, inherited. The parties own jointly two houses and lots which are under mortgage for approximately $6,000.00.  In this situation, is the wife entitled to an allowance of alimony?

It must be conceded, of course, that under our statute the duty rests upon the husband primarily, to support his wife out of his property or by his labor.  In an action to recover alimony alone, the court is governed by the provisions of 11998 GC.  The section in so far as applicable to this case, reads as follows:

"Upon satisfactory proof of any of the charges in the petition the court shall * * * give judgment in favor of the wife for such alimony out of her husband's property, as is equitable * * * ."

The primary duty rests upon the husband to support his wife while he and the wife are living together as husband and wife, even though she may have property of her own, and it will not do to say that he may be relieved of that duty by his own wrongful act in abandoning the wife without cause.  To hold that he would be so relieved of the liability would be to permit him to take advantage of his own wrong. If the plaintiff were not in receipt of an income, it would hardly be claimed that she was not entitled to alimony and the fact that she is earning money by teaching ought not to deprive her of the right to some allowance by way of alimony, when the defendant's income and property are ample therefor.  The law is clearly settled in Ohio that the authority of the court in allowing alimony in an action for alimony alone, is much more limited than when dealing with alimony where divorce has been granted.  This distinction is made manifest by the decision in Durham vs. Durham, 104 Ohio St., 7.  When divorce has been granted, the marriage contract is dissolved and the marital relation finally terminated, whereas, in an action for alimony alone, the separation of the parties may be only temporary, and it therefore follows that in such an action no division of the property of the parties is contemplated.

It is true, of course, that in making an allowance in a case like the one at bar, where the wife is receiving a separate income, the amount of such income should be considered, but only for the purpose of aiding the court in determining what would be a fair allowance to her out of her husband's property.  That fact and all the other facts and circumstances shown by the evidence should be considered in order that the court may determine what allowance would be equitable to award her out her husband's property.

As has been well said, alimony arises out of the marriage relation and is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife.  That this duty can not be evaded, even though the wife has a separate estate, by wrongfully abandoning the wife, is shown in other cases besides those brought for alimony.  See

De Brauwere vs. De Brauwere, 203 N. Y., 460; Vickers vs. Vickers, 89 W. Va., 236.

The trial court, in refusing an allowance to the plaintiff, was evidently controlled largely by the decision in Decker vs. Decker, 279 Ill., 300, but it is apparent from the language in paragraph 6 of the syllabus in that case that the courts of Illinois, in a suit for separate maintenance, may make a

division of the property and income of the parties and are not restricted by statutes similar to those which control the courts in Ohio, in fixing alimony in an action brought to recover alimony alone.

This court is of opinion that under the facts in this case plaintiff is entitled to some allowance by way of alimony, the amount thereof to be such as is just and equitable, under all the circumstances and within the provisions of the statute cited.

Judgment reversed and cause remanded for a new trial.

Williams and Lloyd, JJ., concur .