Emma Schulz v. The Great Atlantic & Pacific Tea Company, a Corporation, Appellant.—56 S. W. (2d) 126.

Division Two, December 14, 1932.*

---

*NOTE: Opinion filed at April Term. 1932, September 28, 1932; motion for rehearing filed; motion overruled at October Term, December 14, 1932.

*Case, Voyles & Stemmler* for appellant.

618

*Everett Hullverson, Staunton E. Boudreau* and *Giessow & Giessow* for respondent.

WESTHUES, C.—This is an appeal from a judgment of the Circuit Court of the City of St. Louis, setting aside an award of the Workmen's Compensation Commission, denying respondent compensation. The judgment of the circuit court remanded the cause to the commission for a rehearing with directions to award compensation to respondent. From this judgment appellant duly appealed.

Respondent filed her claim for compensation, as the widow dependent of one August Schulz, an employee of appellant. For a period

of two years deceased had been employed as a baker at the bake shop of appellant. The bake shop was about one hundred feet in width and one hundred and fifty feet in length. The oven, which was heated with gas and kept at a temperature of about 425 to 450 degrees, was eighty feet long, six feet high and twelve feet wide. It was well insulated so that little heat escaped from the main body. There were two openings in the oven; one through which the dough was placed and the other where the baked loaves were taken out. Over each opening was a canopy, and suction fans were installed for the purpose of taking out the heat that escaped from these openings. The room was well provided with windows for ventilation. There was also a large exhaust fan at one end of the room for the purpose of taking out escaping heat. The deceased worked at the oven, alternating each hour between putting in the dough at one end and taking out the baked loaves at the other. A man was provided for the purpose of relieving any employee who requested relief. The deceased had worked regularly and seemed to have been in good health prior to July 10, 1930, on which day, about three o'clock P. M., he went to the foreman and complained of being sick, stating he was suffering from pains in the stomach. The foreman told deceased to get dressed and he, the foreman, would take him home. Deceased's car, which was parked on the street at the time. was left at appellant's plant and the foreman took deceased home in his car. Shortly after deceased reached his home he became unconscious. He was taken to the city hospital, where he died the next day about noon. The cause of death was assigned to heat prostration It was shown by the evidence that, according to the United States Weather Bureau, the temperature, which was taken over a roof two hundred and sixty-five feet above the ground, ranged from a minimum of 82 degrees and a maximum of 100 degrees, on July 9; a minimum of 83 and a maximum of 103 degrees, on July 10; and a minimum of 84 with a maximum of 104, on July 11. This was considered extremely hot. The temperature in the bake shop, on July 10, was 108 degrees.

Respondent's claim was first heard by a referee of the Compensation Commission. The claim for compensation was denied. The case was heard on review by the full commission and the award of no compensation, made by the referee, was affirmed. The order of the full commission recited, as a reason for denying compensation, the following:

"For the reason that the death of the employee was not the result of accident within the meaning of Section 7, Workmen's Compensation Act, Laws of 1927, in that there is no proof of the happening of any event within the meaning of said section, and the perform-

ance of his duties were the usual and customary duties he had been performing and that others were performing and said duties did not subject him to any special hazard."

It is evident, from the finding of the commission, that compensation was denied in this case for the reason that the commission did not deem heat prostration, under the circumstances in this case, an accident within the meaning of the Compensation Act. In particular the commission found that there was no proof of the happening of an event within the meaning of the Compensation Act.

In appellant's reply brief it is asserted that respondents have misinterpreted appellant's position in assuming appellant to concede that deceased died as a result of heat prostration suffered in appellant's shop, or that his death arose out of and in the course of his employment, or that heat prostration is an accident. Appellant states his position thus:

"It is our position that the burden of proof rested upon the claimant (respondent here) to establish, by a greater weight or preponderance of the credible evidence in the case, each and every element necessary to a recovery in her favor; that these elements were as follows:

"(1) That the employee suffered heat exhaustion during the course of his employment, that is, during the period of time that he was actually engaged in performing duties for his employer;

"(2) That if the heat exhaustion had been suffered during such period, the condition brought about by the heat exhaustion is an 'accident' within the meaning of the Workmen's Compensation Act; and,

"(3) That if both of the foregoing were established, then that the 'accident' arose 'out of the employment,' that is, by reason of a greater hazard of such heat exhaustion to which the employee was subjected over and above that to which the public in general were subjected at that time."

A finding in this case that deceased suffered heat exhaustion at any other place than at appellant's bake shop, during the period he was actually engaged in performing his duties, would be based on mere speculation and conjecture and not on the evidence in the case. Deceased became ill while at work. Within a very short time he became unconscious, and died the next day. The Compensation Commission in its order did not find against respondent on this question of fact. This fact was fully established by the evidence.

■ ■ ■ The second query is: Is heat exhaustion or prostration an accident within the meaning of the Compensation Act? When measured by the definition of the word "accident" as found in

clause "b," Section 3304, Revised Statutes 1929, we hold that heat prostration is an accident. An accident is there defined to be "an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury." That deceased became overheated was certainly unexpected and unforeseen. Next was it an "event," as the word is used in the act? The word "event" has been variously defined. In 21 Corpus Juris, page 1260, note 50, we read: "An event is that which follows from the cause, and is called an event because it eventuates from causes." In Webster's International Dictionary we find the following definition of the word "event:" "That which comes, arrives, or happens; that which falls out; any incident good or bad, esp. one that is important or remarkable; as, the events of the past year." The event in this case, as that term is used in the Compensation Act, was the overexhaustion, by heat, of respondent, resulting in his death. Next, did the event happen suddenly and violently and did it produce at the time objective symptoms of an injury? If a person, by mistake, takes poison and dies as a result thereof we correctly say that such a person became suddenly and violently ill. The same may be truly said of a person who is overcome by heat and dies as a result thereof. What the statute means is that something must happen which, at the time, is sufficiently violent to produce an effect that can be noticed or observed by human senses. The objective symptoms of an injury, as that term is understood, were also present in this case. The employee became so ill that it was necessary to take him home.

Objective symptoms of an injury have been held to include:

" ' . . . weakness, pallor, faintness, sickness, nausea, expressions of pain clearly involuntary, or any other symptoms indicating a deleterious change in the bodily condition may constitute objective symptoms as required by the statute.' " [Manning v. Pomerene, 101 Neb. 127, 162 N. W. 492, approved in Guillod v. Kansas City Power & Light Co. (Mo. App.), 18 S. W. (2d) 1. c. 100.]

■ The third contention, presented by appellant, that respondent failed to establish, by the evidence, that the "accident" arose "out of the employment" is without merit. It was shown, by undisputed evidence, that the temperature in the bake shop was 108 degrees. Deceased had worked all day at the task of placing the dough in the oven and taking out the baked loaves. This duty required him to stand in close proximity to the narrow openings of the oven from which of necessity heat escaped in great quantity. The suction fans removed this heat as quickly as possible. However, it is self-evident that the heat was more intense near these openings than elsewhere in the room. We do not mean to be under-

stood that appellant was negligent in any respect. Negligence is not a necessary element in these cases. What we do mean to say is that the undisputed evidence clearly established the fact that deceased was overcome by heat, while performing labor for his master, and that this over-exhaustion, by heat, arose out of his employment. We, therefore, rule that the Compensation Commission erred in a matter of law. That is, the commission misapplied the law to the established facts in the case when it held that *there was no proof of a happening of an event,* within the meaning of the Compensation Act, so as to entitle respondent to compensation. In thus disposing of this question we have followed well-established guide posts, which we found in cases of similar nature from this and other states. They are: Guillod v. Kansas City Power & Light Co., supra; Jackson v. Euclid-Pine Inv. Co., 22 S. W. (2d) 849; Brewer v. Ash Grove Lime & Portland Cement Co., 25 S. W. (2d) 1086; Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) 601; Manning v. Pomerene, 101 Neb. 127, 162 N. W. 492; Young v. Western Furniture & Mfg. Co., 101 Neb. 696; Kanscheit v. Garrett Laundry Co.. 101 Neb. 702; Van Vleet v. Public Service Co., 111 Neb. 51, 195 N. W. 467; Lane v. Horn & Hardart Baking Co., 104 Atl. (Pa.) 615; Bryant v. Continental Casualty Co., 182 S. W. (Tex.) 673. The Nebraska cases of Manning and Young, supra, are especially persuasive, as they are both heat prostration cases, decided by the Supreme Court of Nebraska, under the Workmen's Compensation Act of that state. Our statute, defining the word "accident," is identical with the definition in the Nebraska Compensation Act. Our Act seems to have been copied from the Nebraska Act. It was passed by the Legislature after the above cases had been decided The Pennsylvania case of Lane v. Horn, supra, was also a heat prostration case. This court has also decided that the Compensation Act should be liberally construed. A doubt as to compensation or no compensation should be resolved in favor of the employee [Betz v. Columbia Telephone Co., 24 S. W. (2d) 224; Pruitt v. Harker, 328 Mo. 1200, 43 S. W. (2d) l. c. 773.]

In the year 1919, deceased filed a divorce petition against respondent in the Circuit Court of the City of St. Louis, Missouri. Respondent filed a cross-petition. The divorce case was tried and both petition and cross-bill were dismissed for the reason that the trial court found neither party to be innocent and injured. Deceased and respondent, so far as the evidence discloses, did not live together after the divorce trial. From time to time deceased contributed small amounts for the support of respondent. As a rule these contributions were made under threats of prosecution.

Appellant contends that under these circumstances deceased was not liable for respondent's support and, therefore, respondent was not a dependent or entitled to compensation under the Missouri Compensation Law. The Compensation Commission did not make a finding with reference to this question. The order of the commission, having assigned a specific reason for denying compensation, we assume, did not find against respondent on this ground.

The fact that husband and wife are separated, by mutual consent or through the fault of both parties, does not, as a matter of law, relieve the husband of the responsibility of supporting the wife. [30 C. J. sec. 32, p. 519; Rearden v. Rearden, 97 So. (Ala.) 138; Coleman v. Coleman, 175 N. E. (Ohio) 38; Cotter v. Valentine Coal Co., 14 S. W. (2d) 660.] In the last case cited the same contention was made as here. The claimant and her deceased husband, for whose death claimant was seeking compensation, had been separated for a period of eighteen years. The Court of Appeals decided that the duty of the husband to support the wife had not ceased. The learned opinion of the Kansas City Court of Appeals is a safe guide for the Compensation Commission to follow on the point in question. The facts as revealed by the evidence before the commission in this case do not, as a matter of law, deprive claimant of the compensation sought to be obtained through this proceeding.

Section 44 of the Compensation Act, Laws 1927, page 512, provides: "The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing or set aside the award etc." The circuit court in this case reversed the order of the commission and remanded the cause for rehearing with directions to award compensation. The order of the circuit court should be modified by striking out the provision directing the commission to award compensation.

As modified the judgment of the circuit court is affirmed and the cause remanded to the commission for rehearing, the commission to make such orders or awards as it deems proper, and which are not inconsistent with this opinion. *Cooley* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.