**SEGAL v SEGAL**

Ohio Appeals, 1st Dist, Hamilton Co

No 4391.   Decided Jan 8, 1934

Bert H. Long, Cincinnati, and Milton M. Bloom, for plaintiff in error.

Fricke & Driskill, Cincinnati, and John Matthews, Cincinnati, for defendant in error.

## OPINION

**By THE COURT.**

Plaintiff in error contends that she proved her right to alimony, and that it was the duty of the court under the law to make an award of alimony.

An examination of the record discloses that the defendant, Pearl Segal, on her cross-petition amply proved her charges of wrongdoing on the part of her husband, as alleged in her cross-petition. It was shown that Segal was guilty of adultery, that he practically lived in a state of adultery for some time; that he neglected his wife, failed to support her, and was living in a separate state.

Section 11,998 GC provides:

"Upon satisfactory proof of any of the charges in the petition, the court **shall** make such order for the disposition, care and maintenance of the children of such marriage, if any, as is just, and give judgment in favor of the wife for such alimony out of her husband's property as is equitable, which may be allowed to her in real or personal property, or both, or in money, payable either in gross or by installments."

It is argued that the wife is guilty of misconduct toward her husband and of some wrongdoing, and that the Court was justified in considering the case equitably and refusing relief to both parties.

It was decided by the Supreme Court of Ohio in the case of **Durham v Durham, 104 Oh St 7,** "that in divorce and alimony proceedings the court in awarding alimony is controlled by statute, and is not authorized to exercise general equity powers." Citing **DeWitt v DeWitt, 67 Oh St 340, 350,** and **Marleau v Marleau, 95 Oh St 162.**

In the case of **Coleman v Coleman, 37 Oh Ap 474, 8 Abs. 481,** in the opinion, Judge Richards says:

"As has been well said, the right to alimony arises out of the marriage relation and is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. That this duty cannot be evaded, even though the wife has a separate estate, by wrongfully abandoning the wife, is shown in other cases besides those brought for alimony." Citing cases.

"The trial court in refusing an allowance to the plaintiff was evidently controlled largely by the decision in Decker v Decker, 279 Ill. 300, 116 N. E. 688, but it is apparent from the language in paragraph 6 of the syllabus in that case that the courts of Illinois, in a suit for separate maintenance, may make a division of the property and income of the parties, and are not restricted by statutes similar to those which control the courts in Ohio in fixing alimony in an action brought to recover alimony alone."

In the case of **Gatton v Gatton, 41 Oh Ap 397, 11 Abs 513,** the Court stated in the opinion, at page 400:

"The matter of allowance of alimony is controlled by statute, and is not within the exercise of general equity powers. Such a decree is adverse to the settled public policy of this state, for the marital relation still subsists, and there may be a future reconciliation of the parties."

The statute of Ohio makes it the duty of the husband, so far as he is able, to support the wife with certain exceptions. In this case, the marital relation still subsists. The allegations in the cross-petition are within the provisions of the statute. She proved them. The statute says she shall be allowed alimony under those circumstances. To absolve the husband from the payment of any alimony for the support of his wife, if perchance she be penniless, is to shift from his own shoulders that duty to the State. She may be assisted by relatives or friends, but there is no duty devolving upon them. The duty is the husband's and the proposition is between him and the State, and the law places that responsibility on him.

It is therefore the opinion of the court that under the facts in this case the defendant is entitled to some alimony, the amount thereof to be just under all the circumstances and within the provision of the statute.

The judgment will be reversed, and the

cause remanded for a new trial on the cross-petition.

HAMILTON, PJ, CUSHING & ROSS, JJ, concur.