EMMA DELFELDER, RESPONDENT, v. NORTON BROS. CONSTRUCTION CO.
AND MASSACHUSETTS BONDING AND INSURANCE CO., APPELLANTS.
—98 S. W. (2d) 127.

Kansas City Court of Appeals.   October 5, 1936.

*Kennard & Gresham, F. M. Kennard* and *Walter J. Gresham* for respondent.

*Harding, Murphy & Tucker* for appellants.

SPERRY, C.—Plaintiff brought this proceeding seeking compensation for the death of her husband, Martin Delfelder, an employee of the defendant Norton Brothers Construction Company. The matter was heard by a commissioner and compensation was denied upon the ground that plaintiff had been guilty of adultery, which wrong the employee had not condoned. The award of the commissioner was affirmed by the Commission, and plaintiff appealed. The circuit court set aside the award and remanded the cause to the Commission for further proceeding. The defendants have appealed.

Plaintiff and Martin Delfelder were married in Macon County, Missouri, on August 24, 1895. Later they moved to Kansas City where they lived together until August 24, 1925, at which time plaintiff's husband left her. Shortly after the separation plaintiff became the housekeeper of one Poole and both of them occupied the same apartment. There was evidence to the effect that there was only one

bed in the apartment and that plaintiff and Poole occupied that apartment. We will not further detail the evidence on this subject for the reason that it suffices to say that the evidence was sufficient to warrant the Commission in finding that plaintiff and Poole lived in adultery.

The Commission denied compensation for a *specific reason,* namely, that plaintiff was guilty of adultery and that the employee had not condoned the wrong even though he visited plaintiff in the apartment and cohabited with her; that "the fact that she (plaintiff) continued to live with Poole in adultery, would have nullified any condonation, and would have revived the original grievance."

For the legal conclusion just stated the Commission relied upon the holding in the case of O'Neil v. O'Neil, 264 S. W. 61, l. c. 64, wherein the court said: "Condonation is the pardon of a known violation of the marriage relation. It is not an absolute but a conditional forgiveness of marital misconduct. It is an excuse for past offenses upon the implied condition that the marriage vows shall, thereafter, be duly regarded. It is not a license for subsequent and continual violation, and if a breach of the condition, inherent in condonation, takes place, the original grievance, as a cause of divorce, is at once revived. . . . An offense which has been condoned may be revived not only by a repetition of the same or similar offense, but also by the subsequent commission of other marital offenses."

The rule announced in the O'Neil case is well enough when applied to the facts of that particular case. In the case at bar, however, the undisputed evidence of both parties shows that the employee visited plaintiff many times in the apartment in which she lived. He knew that there was only one bed in that apartment and that plaintiff was the housekeeper and amorous companion of Poole. The undisputed evidence also shows that the visits of the employee were frequent, two or three times a week, over a long period of time, the last visit was about two weeks prior to the injury. He therefore knew that the relationship of plaintiff and Poole was a fixed and continuing one. In such circumstance the employee did not merely condone the infidelity of his wife, he connived in it. [Viertel v. Viertel, 86 Mo. App. 494; Robbins v. Robbins, 140 Mass. 528.]

The general rule stated in 30 C. J. 594, is that "as long as husband and wife continue to cohabit, he is liable for her necessaries, although she may be guilty of serious misconduct, and even, it seems, if she commits adultery, providing the cohabitation continues."

In the case of Schulz v. Great Atlantic & Pacific Tea Company, 56 S. W. (2d) 126, l. c. 128 and 129, the Supreme Court said:

"In the year 1919, deceased filed a divorce petition against respondent in the circuit court of the City of St. Louis, Mo. Respondent filed a cross-petition. The divorce case was tried and both petition and cross-bill were dismissed for the reason that the trial court found

neither party to be innocent and injured. Deceased and respondent, so far as the evidence discloses, did not live together after the divorce trial. From time to time deceased contributed small amounts for the support of respondent. As a rule these contributions were made under threats of prosecution.

"Appellant contends that under these circumstances deceased was not liable for respondent's support, and therefore, respondent was not a dependent or entitled to compensation under the Missouri Compensation Law. The Compensation Commission did not make a finding with reference to this question. The order of the commission, having assigned a specific reason for denying compensation, we assume, did not find against respondent on this ground.

"The fact that husband and wife are separated, by mutual consent or through the fault of both parties, does not, as a matter of law, relieve the husband of the responsibility of supporting the wife. [30 C. J., sec. 32, p. 519; Rearden v. Rearden, 210 Ala. 129, 97 So. 138; Coleman v. Coleman, 37 Ohio App. 474, 175 N. E. 38; Cotter v. Valentine Coal Co. et al., 222 Mo. App. 1138, 14 S. W. (2d) 660.] In the last case cited the same contention was made as here. The claimant and her deceased husband, for whose death claimant was seeking compensation, had been separated for a period of eighteen years. The Court of Appeals decided that the duty of the husband to support the wife had not ceased. The learned opinion of the Kansas City Court of Appeals is a safe guide for the Compensation Commission to follow on the point in question. The facts as revealed by the evidence before the commission in this case do not, as a matter of law, deprive claimant of the compensation sought to be obtained through this proceeding."

In that case the wife was allowed compensation notwithstanding it had been adjudged she was not the injured and innocent party.

The defendants invoke the rule "that a court may set aside the award, not because the commission failed to find facts which would support it, but because the commission found facts which would not support it." [State ex rel. v. Haid, 333 Mo. 390, 62 S. W. (2d) 869.] Such is the rule where the finding is general. In the instant case the commission "assigned a specific reason for denying compensation," and we therefore assume the commission did not find against plaintiff on other grounds. [Schulz case, supra.]

So the Commission, in denying plaintiff herein compensation upon a specific ground, misconstrued the law governing condonement and connivance and for that reason the judgment of the circuit court is affirmed and the cause remanded to the commission. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. Judgment of the circuit court is affirmed and cause remanded to the commission. All concur.