GEORGE PFITZINGER, TO THE USE OF VINCENT STOTSCKY, AND VINCENT STOTSCKY, APPELLANTS, v. SHELL PIPE LINE CORPORATION, A CORPORATION, RESPONDENT.—46 S. W. (2d) 955.

St. Louis Court of Appeals. Opinion filed March 8, 1932.

*Fred Berthold* and *Emery W. Chase* for appellants.

*Carter, Jones & Turney* and *James E. Garstang* for respondent.

BECKER, J.—In an action for damages alleged to have been sustained by reason of negligence of the defendant the trial court sustained a demurrer offered at the close of plaintiffs' case, and from the resulting judgment plaintiffs in due course appeal.

Plaintiffs' amended petition upon which the case was tried states that ''at the time hereinafter mentioned he was in the employ of George Pfitzinger, as a teamster, earning four ($4) dollars per day; that on or about the 23rd day of January, 1929, while he was employed by said George Pfitzinger, as a teamster, at or near Old Kinlock race track, in St. Louis County, Missouri, and while dragging pipe belonging to the defendant corporation, said pipe was being dragged along old corn rows, with ground frozen on each side, and said defendant, its agents and servants, had charge of placing the chain around said pipe, which was to be dragged, and said defendant, its agents and servants, fastened said chain at a point about six or eight feet to the rear of the lead end of the pipe, and while dragging said pipe along said old corn rows, with the ground frozen on each side, when plaintiff turned the horses or team to the right, to haul the pipe where it was to be laid, said pipe, instead of turning to the right with the team, continued straight ahead and struck plaintiff, knocking him to the ground, and causing plaintiff to sustain the serious and permanent injuries hereinafter set forth.

''Plaintiff states further that his employer, George Pfitzinger, had only himself as an employee, and, therefore, had only one employee, and did not come within the provisions of the Workmen's Compensation Act of the State of Missouri, and states further that neither George Pfitzinger nor the plaintiff was working under the Workmen's Compensation Act of the State of Missouri.

''Plaintiff states further that this action is being brought against the defendant herein for the reason that the defendant herein is the third party, and under Section eleven (11) of the Workmen's

Compensation Act plaintiff has the right to bring his action against the third party causing his injuries, and plaintiff hereby elects not to take any compensation from the defendant herein, and that plaintiff has not received any compensation from the defendant herein, and elects to pursue his cause of action under the common law of this State, and not under the Workmen's Compensation Act of this State, and the action is brought by George Pfitzinger for the use and benefit of the plaintiff herein.

"Plaintiff states further that he had nothing whatsoever to do with the attaching or the placing of the chains about the pipe which was to be dragged to the place where it was to be laid, and that the placing or attaching of the chains around said pipe was done by the defendant, Shell Pipe Line Corporation, a corporation, its agents and servants.

"And, for his cause of action, plaintiff states that on or about said 23rd day of January, 1929, that the defendant, Shell Pipe Line Corporation, a corporation, its foreman, agents and servants, placed and attached a chain around a pipe, which plaintiff was to drag with the aid of a team, to the place where it was to be laid, and that the placing or attaching of said chain was done by the defendant, Shell Pipe Line Corporation, a corporation, its foreman, agents and servants, and was placed about six to eight feet to the rear of the lead end of the pipe, and plaintiff, while having said pipe dragged along some old frozen corn rows, turned his horses to the right, and the pipe, instead of following the lead of the horses, continued straight ahead, knocking plaintiff to the ground, and causing plaintiff to sustain the serious and permanent injuries hereinafter set forth."

The amended petition then sets up three assignments of negligence upon which plaintiff predicates his right to recover.

The defendant's answer consisted of a general denial and the further answer that on the date upon which plaintiff alleges he received his injuries, he was in the employ of the defendant, and that the defendant was a major employer within the meaning of the Missouri Workmen's Compensation Act, and that at all times it was operating under the provisions of said act; and as a further defense set out that the injuries set up in plaintiff's petition were duly and regularly reported, and that the plaintiff filed his claim with the Missouri Workmen's Compensation Commission and adduced evidence in support of his said claim before one of its commissioners, at which hearing plaintiff "affirmed and declared that he was in the employ of the Shell Pipe Line Corporation on the date of said injuries;" that the said commissioner adjudicated and declared that the relationship of employee and employer existed between plaintiff and defendant, but rejected the claim upon the ground

that it was filed after the expiration of the time allowed by law for the presentation of claims, and that the finding of the commissioner was affirmed by the full commission and plaintiff's claim dismissed.

Plaintiffs' reply set up a denial of the new matter set out in the answer; and that the Workmen's Compensation Act was unconstitutional, and for further reply "plaintiff states that he was advised by the defendant that they would pay him compensation, if he would take it, and that this was practically agreed upon, but, due to the fact that the settlement was to be made in a lump sum, the time of filing said claim before the Missouri Workmen's Compensation Commission was purposely delayed at the request of defendant, so that plaintiff's application for compensation would be denied, and a lump sum settlement could be effected."

At the trial plaintiff adduced evidence to the effect that for many years he had been in the employ of George Pfitzinger, a farmer and road overseer at three dollars per day and board; that on January 23, 1929, Pfitzinger having rented out his team and plaintiff as driver thereof to the Shell Pipe Line Corporation, he, plaintiff, was dragging pipe for the defendant company which was building or laying a pipe line across the State, which required the digging of a trench and the hauling of the pipe, laying it end for end along the side of that trench where the pipe would be coupled up and rolled into the trench and covered over; that the defendant had in its employ in connection with said work, besides plaintiff, trench diggers, pipe setters, and welders, in excess of ten in number. Plaintiff's duty under the direction of the defendant's boss was to haul pipe to places indicated along the line of the trench. Pfitzinger gave the plaintiff no orders and had nothing to do with the work in question. Plaintiff further testified as to the manner in which he received his injuries, substantially as set out in plaintiffs' petition.

During the progress of the presentation of plaintiffs' case it was admitted that a claim for the injuries in question had been filed with the Missouri Workmen's Compensation Commission and that upon a hearing the claim had been denied.

At the close of plaintiffs' case the court gave and read to the jury a peremptory instruction in the nature of a demurrer. Plaintiffs here on appeal urge error on the part of the trial court in giving defendant's requested peremptory instruction at the close of plaintiffs' case, urging that it was a question for the jury as to whether or not plaintiffs' case fell within the Workmen's Compensation Act. In other words, plaintiffs insist that the petition states a cause of action at common law, and that facts which would bring the case within the jurisdiction of the Compensation Act must be pleaded as a defense, and that question determined as one of fact by the jury.

We readily concede that the burden is upon the party claiming the applicability of the Workmen's Compensation Act to bring himself under it. If he bases his cause of action upon the act, or if he would make it a defense, he must plead and prove himself within its terms. [Kemper v. Gluck (Mo.), 39 S. W. (2d) 330.] In the instant case, however, we must review the case as made upon a trial thereof at the close of plaintiffs' case, in light of the pleadings and the evidence adduced by plaintiffs thereunder.

Examining plaintiffs' petition we note that it states that the action is brought against the defendant under section 11 of the Workmen's Compensation Act, sec. 3309, Revised Statutes 1929, as against the third party and that plaintiff "elects not to take any compensation from the defendant herein, and that plaintiff has not received any compensation from the defendant herein, and elects to pursue his cause of action under the common law of this State and not under the Workmen's Compensation Act of this State, and that *the action is brought by George Pfitzinger, for the use and benefit of the plaintiff herein.*"

Upon the record however Pfitzinger, in whose name the action is brought to the use of Stotscky, has neither a legal nor beneficial interest in the controversy, either in his own right or as a representative of Stotscky. It definitely appears that no claim for compensation was made upon Pfitzinger by Stotscky and that Pfitzinger did not pay any compensation to Stotscky. Section 3309 of the Workmen's Compensation Act, Revised Statutes 1929, provides that where a third person is liable to the employee for the injury, the employer shall be subrogated to the right of the employee against such third person, and that the recovery by such employer shall not be limited to the amount payable by the employer as compensation, but such employer may recover any amount which such employee would have been entitled to recover, the excess, after deducting the expenses of making such recovery, shall be paid forthwith to the employee and shall be treated as an advance payment by the employer on account of any future installment of compensation. But this section gives a cause of action to an employer only in the event compensation has been paid by the employer or the employee's claim allowed therefor. [Sylcox v. National Lead Co. (Mo. App.), 38 S. W. (2d) 497; Langston v. Const. Co. (Mo. App.), 27 S. W. (2d) 474.]

Next, if we view the action from the standpoint of Vincent Stotscky as plaintiff and that the action is intended as one at common law against the defendant for damages for injuries suffered through the negligence of the defendant, we find that the record discloses that plaintiff in his petition specifically states that he "hereby *elects* not to take any compensation from the defendant

herein, and that plaintiff has not received any compensation from defendant herein, and *elects* to pursue his cause of action under the common law of this State, and not under the Workmen's Compensation Act of this State.'' This is tantamount to an averment that plaintiff has a choice of actions, one against the defendant under the Workmen's Compensation Act, and the other an action under the common law. Necessarily if plaintiff has an action against the defendant under the Workmen's Compensation Act, he could not have his action also against the defendant under the common law, for section 3301, Revised Statutes 1929, among other things provides that ''the rights and remedies granted by the Workmen's Compensation Act to an employee, shall exclude all other rights and remedies of such employee at common law or otherwise.'' Furthermore the testimony of plaintiff himself admitted facts which, as a matter of law, bring plaintiff's right of action for the injuries complained of within the provisions of the Workmen's Compensation Act. So too there is the solemn admission in the record that plaintiff Stotscky had in fact filed his claim for the injuries complained of herein before the Workmen's Compensation Commission, and that the claim, upon hearing, had been disallowed.

While the Workmen's Compensation Commission is not invested with judicial power in the sense in which that term is used in article 3 of the Constitution, providing for the distribution of the powers of government, yet it is in all essential respects a statutory board of arbitrators authorized to hear and determine controversies between employer and employee, and its finding and award in any case before it have the force and effect of the verdict of a jury, and in the same way become the basis for a court judgment. In hearing and determining the facts the commission clearly performs a judicial function. An award made by them, while acting within the scope of their authority, determines the rights of the parties as effectually as a judgment secured by regular legal procedure, and is as binding as a judgment until it is regularly set aside or its validity questioned in a proper manner. [State ex rel. Brewen-Clark Syrup Co. v. Mo. Workmen's Compensation Comm. (Mo.), 8 S. W. (2d) 807.]

Upon the record before us the trial court must be held to have correctly ruled the request for a peremptory instruction to find for the defendant at the close of plaintiffs' case. It follows that the judgment of the trial court should be affirmed. It is so ordered. *Haid, P. J.*, and *Nipper, J.*, concur.