**WANN v. NATIONAL LEAD CO.**

**MITCHELL v. SAME.**

**Nos. 90, 95.**

District Court, E. D. Missouri, E. D.

March 9, 1939.

I. N. Threlkeld, of Flat River, Mo., and W. E. Coffer, of Farmington, Mo., for plaintiffs.

Boyle & Priest (by G. T. Priest), and Robert E. Moloney, all of St. Louis, Mo., and Harry O. Smith, of Farmington,. Mo., for defendant.

COLLET, District Judge.

It appears from the special plea in bar incorporated in the answer, and on motion heard in advance of the trial on the merits, that this is the second action brought on the same cause of action between the same parties. When the first suit was filed a plea in bar was presented in the State Court based upon the ground that upon the facts stated in the petition, supplemented by a brief agreed statement of facts, plaintiff's injuries and claim for compensation therefor were wholly covered by the Missouri Workmen's Compensation Act, Mo.St.Ann. § 3299 et seq., p. 8229 et seq. The State Court sustained the plea in bar on that ground. Appeal was taken from the order of dismissal to the Missouri Supreme Court. The appeal was dismissed by plaintiff. Thereafter the same plaintiff re-filed the same action in the State Court, from which it was removed to this Court. As heretofore indicated a plea in bar was incorporated in defendant's answer and on proper motion of defendant, called for disposition in advance of a hearing of the cause on the merits. The question now presented is whether the judgment of dismissal in the former action is a bar to the maintenance of the present suit.

Plaintiff contends that no judgment of dismissal on preliminary motion is an adjudication on the merits and that an adjudication on the merits is a necessary basis for a plea of res adjudicata as former adjudication.

The New Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A. following section 723c, not being applicable, the latter contention may be conceded. Generally, at least, an adjudication must be on the merits in order to constitute a bar to the subsequent litigation of the action on the merits.

But where the question which has previously been determined is fundamentally inherent to and a necessary incident of plaintiff's right to maintain the action and when that question· has been finally

determined on its merits by a court of competent jurisdiction, such a determination is binding on the same parties in a subsequent suit on the same cause of action. Such is the situation here. It appeared to the Circuit Court of the State that plaintiff's action was barred by the Missouri Compensation Act. That conclusion was reached from a consideration of the facts stated in the petition and appearing on an agreed statement of facts. The agreed statement of facts has little effect, practically all, if not all of the material facts appearing in the petition. The Circuit Court by its decree of dismissal, now final, adjudicated the question of the applicability of the Workmen's Compensation Act. Whether it decided the question correctly or incorrectly is of no importance here. The question simply is—was the question decided? Since it was, and the Court was one possessing jurisdiction to determine that question, the parties may not now go into another court and re-litigate the same question. The test of whether a question has been determined on the merits was tersely stated in discussing a judgment sustaining a demurrer, as follows: "Does the insufficiency relate to the facts alleged or to the allegation of the facts."

Obviously, an order of dismissal upon the ground that insufficient facts were stated, when a more complete and adequate statement might be made, or on the ground that the manner of alleging the facts was improper or insufficient, would not bar a subsequent action, because such a judgment would not be upon the merits of plaintiff's claim. But whereas here the facts alleged by plaintiff presented the issue upon which the court held no cause of action existed, the determination of that issue was upon the merits. If that issue was vital to the further pursuit of a recovery on the cause of action involved, further action is barred.

No court in Missouri has jurisdiction of a negligence action when the injury is covered by the Missouri Workmen's Compensation Act. The Circuit Court having held the Missouri Act applicable to the injury involved in this accident the question of jurisdiction of this or any other court has been determined. Since the determination was that no jurisdiction existed, this cause must be dismissed.

Since the question presented in Mitchell v. National Lead Company, No. 95, is identical, the foregoing applies with equal force in that case.