STATE OF MISSOURI at the relation of MELBOURNE HOTEL COMPANY, Employer, and HARTFORD INSURANCE COMPANY (Hartford Accident & Indemnity Company), Insurer, Relators, v. JEFFERSON D. HOSTETTER ET AL., Judges of the St. Louis Court of Appeals.— 126 S. W. (2d) 1189.

Court en Banc, April 4, 1939.

*Moser, Marsalek & Dearing* for relators.

474

*William A. Dorsey* and *Edward C. Friedewald* for respondents.

HAYS, J.—Certiorari to the judges of the St. Louis Court of Appeals by which it is sought to quash the opinion of said court in the cause of Maude Caldwell, Appellant, v. Melbourne Hotel Company and Hartford Accident & Indemnity Company, Respondents, 116 S. W. (2d) 232.

The case before the respondent judges was an appeal by Mrs. Caldwell from a judgment of the Circuit Court of the City of St. Louis affirming the final award of the Missouri Workmen's Compensation Commission, whereby Mrs. Caldwell was awarded compensation of $10 per week for 207 weeks for permanent partial disability. Respondents reversed the judgment of the circuit court and remanded the case with instructions to that court to remand the case to the commission "with instructions to make a temporary partial award of compensation for temporary total disability; and with further instructions to the commission to retain jurisdiction of the cause and keep the same open until a final award can be made, after a hearing, upon application of any party or upon the commission's own motion."

On May 17, 1934, Mrs. Caldwell, while in the employ of relator Melbourne Hotel Company, suffered a fall in which she sustained a fracture through the neck of her left femur. After a hearing, on March 24, 1936, a referee of the commission made an award finding that the employee had suffered a permanent partial disability and

allowing her compensation at the rate of $10 per week for 207 weeks. As the nature of the injury, the referee found as follows: "Parts of the body injured by accident: left hip. Exact nature of any permanent injury: complete loss of left leg at hip joint." On November 6, 1936, the employee, at her own request appeared before the full commission, walking on crutches, and was viewed by the commission. After a hearing before the full commission, on November 12, 1936, that body, on January 13, 1937, rendered its final award unanimously affirming the award of the referee. This is the background of the case as stated in respondents' opinion.

Said opinion states the issue on appeal as follows: "Employer and insurer contend that the disability of the plaintiff was and is confined to her left leg, and that she has been awarded the maximum amount she would be entitled to receive for the total and permanent loss of said leg by amputation at the hip joint." The opinion proceeds to state in detail the testimony as given at the final hearing before the commission by the five witnesses examined, namely, the employee and her attending physician and three physicians who testified for the employer.

Next respondents' opinion states the well-established rules governing awards made by the commission, citing several authorities which announce and apply those rules. After which the court made the following ruling: "Giving the principles announced in the above-cited cases their full force and effect in the case at bar, we are nevertheless of the opinion that there is not sufficient competent evidence in this record to warrant the award made by the Compensation Commission." That holding was followed by respondents' analysis and discussion of the evidence, at the close of which the conclusion of law was drawn that "at the time of the hearing the employee was suffering from total disability" as defined in Section 3305 (e), Revised Statutes 1929 (Mo. Stat. Ann., sec. 3305 (e), p. 8239), as follows: "the term 'total disability' as used in this chapter shall mean inability to return to any employment and not merely mean inability to return to the employment in which the employee was engaged at the time of the accident." Continuing, the court construed said section and undertook to show the applicability of the same to the facts. Thereupon it was ruled in the opinion that "The commission erroneously laid too much stress on Section 3315, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3315, p. 8249), which provides for permanent partial disability. It did not give proper consideration to Section 3313, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3313, p. 8249), which provides for compensation for temporary total disability, and failed to give effect to the definition of 'total disability' as provided in Section 3305 (e), Revised Statutes 1929, and as applied by our courts."

The opinion discourses and cites authorities upon the Compensation

Act's requirement that it must be construed as a whole and given liberal construction, and upon the rule that even though there be some evidence to support the finding of the commission, yet if it is not of such character that the court can declare it legally sufficient, it is the duty of the court to modify, reverse, remand for rehearing, or set aside the award.

Applying such rules of statutory construction to the matter at hand, respondents further held as a matter of law that "on the evidence in this record, the commission was not in a position to determine whether final result of the injury sustained by the employee would be only permanent partial disability. The Legislature has provided by Section 3313, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3313, p. 8249), for compensation for temporary total disability for a period of not more than 400 weeks during the continuance of such disability. It is clear that the enactment of that section was intended to provide a sufficiently long period of time for the payment of compensation for temporary total disability to enable the Compensation Commission to appraise justly the nature and extent of an employee's injuries before making a final award, while in the meantime paying compensation to the employee for temporary total disability. That intention is further evident when we consider Section 3344, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3344, p. 8281), which provides: 'In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made.' "

The counsel for relators urge that the respondents assume the functions of passing upon the credibility of the witnesses, particularly the claimant; that they adopted her testimony as true and made it the basis of their decision and judgment; and failed to accept as true the testimony given, and all reasonable inferences therefrom, in support of the award; and that in so doing they failed to follow this court's controlling decisions and thus exceeded their jurisdiction.

To this we do not agree. We have carefully examined relators' citations of authorities and we find no conflict in this respect. Relators cite a number of decisions on this point, among them, Shroyer v. Missouri Livestock Comm. Co. (in banc), 332 Mo. 1219, 61 S. W. (2d) 713; Burgstrand v. Crowe Coal Co., 336 Mo. 119, 77 S. W. (2d) 97. As none of them deals with situations similar to those presented here it is needless to review any of them. Perhaps the most illustrative decision supporting relators' theory is Teague v. Laclede-Christy Clay Products Co., 331 Mo. 146, 52 S. W. (2d) 880. In that case the trial court after quoting the findings made by the commission, proceeded as follows: "It is obvious that the finding of facts made by the Workmen's Compensation Commission relates exclusively to events and circumstances preceding the date of the

accident. These findings being immaterial and irrelevant as to the issues here presented, it is unnecessary for this court to either reverse or affirm said findings. This court finds from the evidence the full facts:'' Our court, on review, pointed out that the circuit court then ''proceeded to make its own findings of fact, ... . . then reversed and remanded the cause to the commission with directions to make an award in conformity with the findings of the court.''

It would be strange, indeed, if the Court of Appeals were permitted to say only ''yea, yea'' or ''nay, nay'' in analyzing the case before them. It is not opposed to the practice in this court. [Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) 601.]

This court cannot, on certiorari, describe the bounds of the Court of Appeals' analysis, nor control the form or content of their expression of the facts or of the law upon which to base their ultimate rulings upon the questions of law in the case—unless they conflict with a controlling decision of this court on a similar state of facts, or contravene some general principle of law stated in this court's decisions. [State ex rel. Heuring v. Allen, 342 Mo. 81, 112 S. W. 843.]

We have been pointed to no decision of ours construing the statutes referred to above or announcing general principles of law in conflict with this court's decisions. And we therefore rule the question of conflict herein against the relators.

In the forepart of this opinion we set out the respondents' reversal and remand of the judgment with specific directions to be conveyed to the commission. It is contended for relators that the respondents in their opinion on motion for rehearing undertake to justify the remand with specific directions to be given the commission as to their further action in the matter of the employee's claim.

Section 44 of the Compensation Act, Laws 1927, page 512, provides: ''The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing or set aside the award,'' etc. That section has heretofore been construed by our court. In State ex rel. Randall et al. v. Shain et al., 341 Mo. 201, 108 S. W. (2d) 122, we held on certiorari (l. c. 128): ''The Court of Appeals' direction to the trial court to enter a judgment in favor of claimant is in conflict with numerous decisions of this court. It has been our consistent ruling that a court, on reviewing an award of the compensation commission, is not authorized, under the law, to make its own finding and peremptorily direct an award. [See Russell v. Ely & Walker D. G. Co., 332 Mo. 645, 60 S. W. (2d) 44, l. c. 47, 87 A. L. R. 953; Schulz v. Great Atl. & Pac. Tea Co., 331 Mo. 616, 56 S. W. (2d) 126, l. c. 129; Teague v. Laclede-Christy Clay Products Co., 331 Mo. 146, 52 S. W. (2d) 880, l. c. 882.]''

In the opinion on motion for rehearing the Court of Appeals inveighs against the rulings we have just referred to on the ground of practicality in the application of the Compensation Act. It seems

that the term "remand" under our former decisions in this respect has accomplished results of equal practicality to that which the opinion here under review seeks to accomplish by specific directions on remand. The opinion now under consideration constitutes the law of the case on the evidence reviewed, and a general remand means, in effect, the same as if it contained a general direction "to proceed in accordance with the conclusions stated above." In other words, a general direction adds nothing to the remand. [Creason v. Harding et al., 344 Mo. 452, 126 S. W. (2d) 1179.] It would seem that our previous rulings just referred to are essentially based upon a consideration of the source from which the Court of Appeals' authority upon review proceeds. And the theory of the Court of Appeals' opinion, in its specific directions on remand, of necessity would be based upon the provisions of the General Code pertaining to the courts of appeals, Article II, Section 1914, Revised Statutes 1929, which is as follows: "The various courts of appeals of Missouri shall have jurisdiction of appeals and writs of error in all cases where the amount in dispute, exclusive of costs, shall not exceed the sum of seventy-five hundred dollars." Our said holdings, on the other hand, are evidently based upon the theory that "the Workmen's Compensation Act is a complete code, governing all questions of substantive right under its terms." [Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S. W. (2d) 909.] If so, it follows that but for the provisions therein pertaining to review there would be no specific review provided for by law. We therefore re-affirm our holdings last above referred to.

It follows that the opinion and record of the Court of Appeals should be and it is quashed in so far as it purports to give specific directions to the commission with regard to its future action.

All concur.