MAUDE CALDWELL, EMPLOYEE, APPELLANT, v. MELBOURNE HOTEL COMPANY, EMPLOYER, AND HARTFORD INSURANCE COMPANY (HARTFORD ACCIDENT & INDEMNITY COMPANY), INSURER, RESPONDENTS. —129 S. W. (2d) 26.

St. Louis Court of Appeals. Opinion filed June 6, 1939.

*Kenneth A. Osborn, A. B. Lansing* and *Moser, Marsalek & Dearing* for respondents.

176

*William A. Dorsey* and *Edw. C. Friedewald* for appellant.

McCULLEN, J.—This is a proceeding under the Workmen's Compensation Act in which Maude Caldwell, employee, appellant, appealed from a judgment of the Circuit Court of the City of St. Louis, Missouri, affirming an award made by the Missouri Workmen's Compensa-

tion Commission in her favor and against respondents, employer and insurer.

The award of the Missouri Workmen's Compensation Commission which was affirmed by the judgment of the circuit court allowed the employee compensation of $10 per week for 207 weeks for permanent partial disability. After a hearing in this court on appeal, this court reversed the judgment of the circuit court and remanded the case with instructions to that court to remand the case to the commission "with instructions to make a temporary or partial award of compensation for temporary total disability; and with further instructions to the commission to retain jurisdiction of the cause and keep the same open until a final award can be made, after a hearing, upon application of any party or upon the commission's own motion.'' [See Caldwell v. Melbourne Hotel Co. et al. (Mo. App.), 116 S. W. (2d) 232.]

Thereafter, the employer and insurer applied to our Supreme Court for a writ of *certiorari*, which was granted. After a hearing in the Supreme Court on *certiorari*, that court ruled that the portion of this court's opinion and record giving specific directions to the Workmen's Compensation Commission with respect to its future action was in conflict with certain prior decisions and opinions of the Supreme Court, and ordered that said part of this court's record and opinion be quashed. [See State ex rel. Melbourne Hotel Co. et al. v. Hostetter et al. (Mo. in banc), 126 S. W. (2d) 1189.]

After the aforesaid part of the opinion and record of this court relating to the specific directions to the Workmen's Compensation Commission with respect to its future action was quashed by the Supreme Court, the cause was again set down for hearing in this court and was, without argument, duly submitted by the parties on the original briefs herein.

We deem it unnecessary to present here the evidence and the proceedings in the trial court inasmuch as they are fully set forth in the opinion of this court in Caldwell v. Melbourne Hotel Co. et al. (Mo. App.), 116 S. W. (2d) 232, and are referred to at length by the Supreme Court in State ex rel. Melbourne Hotel Co. et al. v. Hostetter et al. (Mo, in banc), 126 S. W. (2d) 1189.

In compliance with the opinion and mandate of the Supreme Court, and for the reasons given in that court's opinion in State ex rel. Melbourne Hotel Co. et al. v. Hostetter et al., *supra*, the judgment of the circuit court is reversed and the cause remanded with directions to that court to remand the cause to the Workmen's Compensation Commission for further proceedings not inconsistent with the opinion of this court in Caldwell v. Melbourne Hotel Co. et al., *supra*, except as to the specific instructions to the commission therein which are quoted above herein. *Hostetter, P. J.*, and *Becker, J.*, concur.