## NEW AMSTERDAM CASUALTY CO. v. BOAZ-KIEL CONST. CO.

### No. 11765.

Circuit Court of Appeals, Eighth Circuit.

Dec. 10, 1940.

Rehearing Denied Jan. 2, 1941.

Milton I. Goldstein, of St. Louis, Mo. (J. Porter Henry, Robert D. Evans, and Hennings, Green, Henry & Hennings, all of St. Louis, Mo., on the brief), for appellant.

Clark M. Clifford, of St. Louis, Mo. (Jacob M. Lashly, Arthur V. Lashly, and Lashly, Lashly, Miller & Clifford, all of St. Louis, Mo., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and DEWEY, District Judge.

SANBORN, Circuit Judge.

The New Amsterdam Casualty Company brought this suit against the Boaz-Kiel Construction Company, which, as general contractor, constructed the Municipal Auditorium at St. Louis, Missouri, to recover $6,618.85 workmen's compensation and medical expense which the Casualty Company, as the insurer of a subcontractor, L. Tasker Plastering Company, had been obliged to pay to William Grace, an employee of the subcontractor, who had received injuries, in the course of his employment, alleged to have been proximately caused by the negligence of the general contractor.

The court below dismissed the complaint upon the ground that it failed to state a claim upon which relief could be granted.[1] From the judgment of dismissal the Casualty Company has appealed.

The claim of the appellant, stated briefly, is that, as the compensation insurer of

---

[1] Rule 12(b)(6), Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

the subcontractor, it paid, as required by the terms of its policy, the injured employee the amounts to which he was entitled under the Workmen's Compensation Act of Missouri, in discharge of the primary liability of the subcontractor (the assured) and became subrogated to the rights of the subcontractor against appellee, the general contractor, whose negligence had caused the expenditure; that the amount which appellant was required to pay was $6,618.85; and that it is entitled to judgment against the appellee for that amount. The general contractor, the subcontractor and the injured employee were all subject to the Workmen's Compensation Act of Missouri.

The question which this Court is called upon to decide is whether, under the law of Missouri, a subcontractor can recover from the general contractor what the subcontractor has been required, by the Workmen's Compensation Act, to pay an employee who was injured as the result of the general contractor's negligence, all parties being subject to the Act.

At common law, one who is compelled to pay damages resulting from the negligence of another, has a cause of action for indemnity against the tort-feasor.[2]

The court below was of the opinion that, under the common law of Missouri, as modified by the Workmen's Compensation Act, the appellant had no cause of action. The Supreme Court of Missouri has not ruled upon the exact question presented. The appellant argues that the Workmen's Compensation Act does not, either expressly or impliedly, deprive its assured of the common law right to indemnity; that the Act is concerned only with the relations of employer and employee, and not with the relations between employers. The appellee asserts that the Act fixes the liability of the general contractor and of the subcontractor for injuries to their employees, and definitely limits that liability, and that appellant, in paying the injured employee of its assured, discharged a primary liability for which no cause of action against the general contractor existed, regardless of fault or negligence.

The pertinent provisions of the Work-

men's Compensation Act of Missouri are the following:

§ 3301, Rev.St.Mo.1929, Mo.St.Ann. § 3301, p. 8232: "* * * The employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employe by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employe or any other person. * * *"

§ 3308(c), Rev.St.Mo.1929, Mo.St.Ann. § 3308(c), p. 8242, 8243: "The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employes of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work."

§ 3308(d), Rev.St.Mo.1929, Mo.St.Ann. § 3308(d), p. 8243: "In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employes of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. No such employer shall be liable as in this section provided, if the employe was insured by his immediate or any intermediate employer."

§ 3309, Rev.St.Mo.1929, Mo.St.Ann. § 3309, p. 8244: "Where a third person is liable to the employe or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employe or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employe or dependents, but such employer may recover

2 Busch & Latta Paint Co. v. Woermann Const. Co., 310 Mo. 419, 276 S.W. 614; Staples v. Central Surety & Ins. Corp., 10 Cir., 62 F.2d 650; Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; George A. Fuller Co. v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422; Fidelity & Casualty Co. v. Federal Express, Inc., 6 Cir., 99 F.2d 681.

any amount which such employe or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employe or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation."

■ The Workmen's Compensation Act of Missouri does not add to or supplement the common law of that State, but is substitutional in character.[3] The act is a complete and exclusive code governing all questions of substantive rights under its terms.[4] Because of the substitutional character of the Act, the immediate and remote employers have no responsibility to their employees, injured in the course of employment, except such as is imposed upon them as employers by the terms of the Act.[5]

■ If the appellee, a general contractor and remote employer, were a "third person" under the Act, the appellant would unquestionably have a cause of action against it for indemnity;[6] but under § 3308 the status of the appellee was that of a remote employer, and the status of the subcontractor was that of an immediate employer. Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153. The liability of the immediate employer, the subcontractor, to pay compensation to its injured. employee was, by the terms of the Act, a primary obligation. The liability of the remote employer, the general contractor, was ' secondary as between the two employers, pro-

vided that the injured employee was not insured by his immediate employer. If there had been no insurance and if the general contractor had been obliged to pay the injured employee what he was entitled to receive under the Act, the general contractor, by the express terms of the Act, could have recovered such payments from the subcontractor, with attorney's fees and the expenses of suit. Mo.St.Ann. § 3308(d), pp. 8242, 8243. The right of the injured employee to compensation and medical expense, regardless of who or what caused his injury, since no third person was involved, was exclusively that which was specified in the Act. The employee and anyone subrogated to his rights were without any cause of action against the general contractor for damages or indemnity. Bunner v. Patti, supra.

■ The appellant concedes that if its action were based upon the rights of the injured employee, it could not be maintained, but contends that it is entitled to enforce its equitable right to indemnity derived from its assured. Appellant cites Staples v. Central Surety & Ins. Corp., 10 Cir., 62 F.2d 650, as supporting its claim that it has a cause of action for indemnification. The Workmen's Compensation Act of Oklahoma, 85 Okl.St.Ann. § 1 et seq. was involved in that case, but the question which is for decision here was not presented or ruled upon. The relationship of general contractor and subcontractor was not present in that case; the tort-feasor from whom the insurer obtained indemnity for compensation paid to the injured employee of its assured was a third person.

---

3 Cummings v. Union Quarry & Construction Co., 231 Mo.App. 1224, 87 S.W. 2d 1039; Gayhart v. Monarch Wrecking Co., 226 Mo.App. 1118, 49 S.W.2d 265; Oren v. Swift & Co., 330 Mo. 869, 51 S. W.2d 59; De May v. Liberty Foundry Co., 327 Mo. 495, 37 S.W.2d 640; Pfitzinger to Use of Stotscky v. Shell Pipe Line Corp., 226 Mo.App. 861, 46 S.W.2d 955; Blaine v. Huttig Sash & Door Co., 232 Mo.App. 870, 105 S.W.2d 946, 953; Kemper v. Gluck, 327 Mo. 733, 39 S.W. 2d 330; Cleveland v. Laclede-Christy Clay Products Co., Mo.App., 113 S.W.2d 1065.

4 Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909, 911; State v. Hostetter, 344 Mo. 472, 126 S.W.2d 1189, 1192.

5 State v. Hostetter, 343 Mo. 945, 124 S.W.2d 1072, affirming Wors v. Tarlton,

Mo.App., 95 S.W.2d 1199; Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153; Hughes v. Maryland Casualty Co., 229 Mo.App. 472, 76 S.W.2d 1101; Sharp v. Producers' Produce Co., 226 Mo.App. 189, 47 S.W.2d 242.

6 Hanson v. Norton, 340 Mo. 1012, 103 S.W.2d 1; General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S.W.2d 442; Pfitzinger to Use of Stotscky v. Shell Pipe Line Corp., 226 Mo.App. 861, 46 S.W.2d 955; Sylcox v. National Lead Co., 225 Mo.App. 543, 38 S.W.2d 497; McKenzie v. Missouri Stables, Inc., 225 Mo.App. 64, 34 S.W.2d 136; Staples v. Central Surety & Ins. Corp., 10 Cir., 62 F.2d 650. Compare, Crab Orchard Improvement Co. v. Chesapeake & O. Ry. Co., D.C., 33 F.Supp. 580; and see, Annotation 106 A.L.R. 1053.

The appellee's contention that no cause of action for indemnity in favor of appellant exists finds support in Fox v. Dunning, 124 Okl. 228, 255 P. 582. In that case a general contractor, whose negligence was alleged to have caused an injury to an employee of a firm working for the general contractor, was sued by the injured workmen at common law for damages. The parties were all subject to the Workmen's Compensation Act of Oklahoma, which is similar to that of Missouri. The compensation insurer of the firm whose employee was injured had paid him compensation, and intervened seeking indemnity from the general contractor. It was contended that the immediate employer was entitled to maintain an action against the general contractor for the damages caused by the latter's negligence, and that the insurer was entitled to be subrogated to the rights of its assured, the immediate employer. The Supreme Court of Oklahoma rejected this contention. It held that the Workmen's Compensation Act had swept away common-law rights, and that the Act was not solely concerned with the rights of employees; that the liability of the immediate employer under the Act was a primary liability, and that subrogation does not follow the payment of such a liability; that the undertaking of the insurer was to pay the primary liability of its assured, and that the insurer was not entitled to reimbursement from the general contractor whose negligence caused the injury and the consequent loss to the insurer.

The case of Fidelity & Casualty Ins. Co. v. Sears, Roebuck & Co., 124 Conn. 227, 199 A. 93, 117 A.L.R. 565, also supports the contention that appellant has no cause of action against the general contractor. That was a suit for reimbursement for compensation paid to an injured employee by a compensation insurer under the Workmen's Compensation Act of Connecticut, which also makes the liability of the immediate employer primary and the liability of the principal employer secondary. After pointing out that the liability of the assured, the immediate employer, was a primary liability, and that the liability of the defendant employer was secondary, the Connecticut Court said (page 95 of 199 A.): "Therefore, neither Hathaway [the assured] nor the plaintiff insurance company, as the real party in interest, whose rights can only be worked out through him, is entitled to relief under

their complaint on the ground of exoneration, indemnity, or contribution." It also pointed out that the relations between the employers were contractual and that the Workmen's Compensation Act was a part of their contract, and it held that the wrongful act of the defendant, interfering, to the assured's damage, with his contract relations with the defendant, did not constitute an actionable legal injury. It was held that the insurance company could not have indemnity.

As a practical matter, what the appellant is seeking to do is to impose upon the appellee a liability in excess of that which the Workmen's Compensation Act of Missouri required it to bear, and, by indirection, to compel appellee to pay the compensation and medical expenses for which the Act made appellant's assured alone liable. This is contrary to both the letter and the spirit of the Act.

Our conclusion is that the judgment appealed from was right. It is affirmed.