## SMITH v. GENERAL MOTORS CORPORATION.

### No. 3026.

District Court, E. D. Missouri, E. D.

Nov. 9, 1945.

Jack B. Schiff, of St. Louis, Mo., for plaintiff.

John S. Marsalek and Moser, Marsalek & Dearing, all of St. Louis, Mo., for defendant.

HULEN, District Judge.

Plaintiff, a minor, seeks damages (under Missouri statute) for death of her father, Claude Smith, alleged to have resulted from negligence of the defendant as employer of the deceased. The answer, in addition to other defenses, raises an issue of jurisdiction. On motion of the defendant, that question was presented for determination prior to trial of the case on its merits, and is now before the Court.

The record includes the transcript filed in the Circuit Court of the City of St. Louis of two proceedings before the Compensation Commission of Missouri. One was a proceeding instituted by Claude Smith before his death (identified as Accident T-99767) and one was a proceeding instituted following the death of Claude Smith, jointly by the plaintiff and the wife of the deceased (identified as Accident T-99767A). Other exhibits represent proceedings in the Circuit Court of the City of St. Louis on these two claims, and proof of the acceptance of the occupational disease amendments of the Missouri Workmen's Compensation Act by the defendant and its subsidiaries. Proof of the latter was not controverted. Plaintiff offered no evidence at the hearing.

Certain facts now appear unchallenged. In May, 1942, Claude Smith filed a claim before the Missouri Workmen's Compensation Commission. In answer to the question contained on the claim form "Parts of body injured" the claim stated: "Lungs, nerves, bones, muscular system, heart,

chest, respiratory system, internal and external portions of the complete body," and in answer to the question: "How accident happened, cause and work employee was doing for employer at the time," the claim stated: "While working in metal finish group as a rough grinder, and like work in a room filled with metal and other injurious dust."

Claude Smith died in May, 1943, with his claim still pending before the Commission. In June, 1943, the plaintiff joined with her mother and filed a claim against the defendant before the Missouri Workmen's Compensation Commission, containing substantially the same allegations as those contained in the original claim filed by Claude Smith. These claims were heard by the Commission upon evidence introduced by Claude Smith during his life time, with some additional evidence introduced by plaintiff and her mother and by the defendant. On October 8, the Commission entered an order disallowing both claims. The final award in Case 99767-A reads as follows: "We find from all the evidence that the death of the employee, Claude William Smith, on May 23, 1943, was neither caused nor aggravated by an accident, series of accidents or an occupational disease arising out of and in the course of his employment. Therefore, compensation must be and is hereby denied."

The award in Case No. 99767 is substantially the same as in 99767-A. On appeal from the award in both cases, first the Circuit Court of the City of St. Louis affirmed the action of the Commission, then the Supreme Court of Missouri affirmed the judgment of the Circuit Court of the City of St. Louis (see 189 S.W.2d 259, 263).

Defendant's jurisdictional plea, or plea in bar, is based upon the proceedings instituted before the Compensation Commission, and Section 3691, R.S.Mo.1939, Mo.R.S.A., of the Compensation statute, which provides that: "The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death * * *."

Injury resulting in death of Claude Smith is alleged in the complaint in present case, to have happened while Claude Smith was employed by defendant and in the course of his employment. At the time of the alleged "injury," "accident," or "occupational disease," which plaintiff claims resulted in Claude Smith's death, defendant and its subsidiaries were subject to the Missouri Workmen's Compensation Act, both as to accident and occupational disease, and plaintiff as the daughter of deceased, was presumed to be a dependent of Claude Smith. Such being the case, the Missouri Workmen's Compensation Act vests in the Commission created thereby exclusive jurisdiction to hear and determine all disputes and settle all claims based upon injury or occupational disease, or death as a result thereof, resulting from the employment of Claude Smith by defendant.

That plaintiff first filed before, and then exhausted her remedy before the Commission is a solemn admission by her that the Commission had jurisdiction of her claim. The finding of the Missouri Workmen's Compensation Commission against the plaintiff was not because the Commission was without jurisdiction, or as stated in plaintiff's brief, because the "wrong" remedy was pursued, but because: "We find from all the evidence that the death of the employee, Claude William Smith, on May 23, 1943, was neither caused nor aggravated by an accident, series of accidents or an occupational disease arising out of and in the course of his employment. Therefore, compensation must be and is hereby denied."

During oral argument, reference was made by the plaintiff to a temporary award made by the Compensation Commission to Claude Smith, "but which was not paid." This suit is not to recover compensation. If any compensation was due Claude Smith at the time of his death, the right of recovery for such sum is governed by Section 3708, R.S.Mo.1939, Mo.R.S.A., which provides that any "accrued and unpaid compensation due the employee shall be paid to his dependents without administration * * *." In case of death of the employee for causes arising in the course of and connected with the employment, action for compensation due under the act is provided by Section 3709, R.S.Mo.1939, Mo.R.S.A., which provides that the employer "shall also pay (in addition to expense of burial) to the total dependents of the employee a single total death benefit * * *." This section provides that the word dependent "shall be construed to mean a relative by blood or marriage of a

deceased employee, who is actually dependent for support, in whole or part, upon his wages at the time of the injury." This section further provides that "A natural * * * child * * * under the age of eighteen," shall be conclusively presumed to be dependent upon a deceased employee. Procedure prescribed by Section 3709 having been adopted by plaintiff and her mother, claim filed by them before the Commission, and prosecuted before that body and to the Supreme Court of Missouri, resulted in an adverse decision of the Court and a holding: "If it must be considered that employee's affliction was caused to progress, or was activated or aggravated while engaged in his employment, it could be reasonably inferred from the evidence that the progress of the disease was due to the active physical labor in performing the duties of his work. It is the view of this court that where injury (or death) is due to the necessary and customary physical exertion incident to the normal duties of the workman, such a cause of the injury is not an 'accident' within the meaning of the Workmen's Compensation Law."

■ The award and judgment determined the rights of the parties as effectually as a judgment secured on a proceeding originating in a court, and is binding on this Court.

■ Learned counsel for the plaintiff seeks to avoid the effect on plaintiff's case, of the well recognized rules of law governing the issues presented, by asserting that the case now before this Court is one wherein the plaintiff seeks to obtain damages based upon an occupational disease resulting from negligence of the defendant —and that this cause of action was never tried before the Workmen's Compensation Commission. The claim of Claude Smith, the joint claim filed by plaintiff in this action with her mother before the Compensation Commission, and the action now pending in this Court all allege that Claude Smith died as a result of his employment by defendant, for causes connected with the employment, and sustained while employed by the defendant. By virtue of the provisions of the Missouri Workmen's Compensation Act, this Court has no jurisdiction of a negligence action for such injury. See Gardner v. Stout, 342 Mo. 1206, 119 S.W. 2d 790; State ex rel. National Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061; New Amsterdam Casualty Co. v. Boaz-Kiel Const. Co., 8 Cir., 115 F.2d 950.

■ Whether the Workmen's Compensation Commission, the Circuit Court of the City of St. Louis, or the Supreme Court of Missouri decided the compensation cases correctly is not a matter for inquiry in this Court. We assume that they did. They had jurisdiction to pass upon the question before them, and having decided adversely to the plaintiff, plaintiff's deceased father, and plaintiff's mother, the decision is not subject to review in this Court. Wann v. National Lead Co., D.C., 27 F.Supp. 217. It was immaterial in the proceeding before the Commission whether the deceased received injuries or became infected with an occupational disease as a result of negligence or not. Deceased was relieved of the burden of proof that his injuries were the result of negligence. R.S. Mo.1939, Sec. 3691, Mo.R.S.A.; Bicanic v. Kroger, Mo.App., 83 S.W.2d 917; Schulz v. Great Atlantic & Pacific Tea Co., 331 Mo. 616, 56 S.W.2d 126.

■ Plaintiff takes the position that the death of Claude Smith as a result of occupational disease was not litigated in either of the cases presented to the Missouri Workmen's Compensation Commission, and that the finding of the Commission on that subject was inserted as a gratuity and not binding on the plaintiff. We are unable to agree with plaintiff, but if we did it would not aid plaintiff in her present suit. The conclusiveness of the finding of the Commission results, not from the cause of the disability or death or the extent or kind of disability sustained, but because of the fact that the disability (accident or occupational disease) regardless of its nature, occurred while Claude Smith was an employee of defendant, and in the course of his employment. The findings of the Commission are not subject to attack in a collateral proceeding. Pfitzinger v. Shell Pipe Line Corp., 226 Mo.App. 861, 46 S.W.2d 955. The case of St. Joseph Lead Co. v. Jones, 8 Cir., 70 F.2d 475, cited by plaintiff, was decided on facts relating to an employment which terminated in 1930, before the amendment to the Workmen's Compensation Act (1931) which for the first time brought occupational disease within compensable disability, under facts such as here presented. The case is therefore not an authority to support plaintiff's position, for that reason.

■ In oral argument, it was urged that the plaintiff never agreed that the two compensation cases might be consolidated.

Even if this were true, the greatest benefit plaintiff could receive from that situation would be a holding that the claims were still before the Workmen's Compensation Commission, or undecided in the Circuit Court of the City of St. Louis. This Court is not the place to raise objections to procedural action taken in the Circuit Court of the City of St. Louis and the Supreme Court of the State of Missouri in matters lying within their jurisdiction. Wann v. National Lead Co., supra.

We conclude that defendant's plea is good. This Court has no jurisdiction to hear this cause. Judgment will go accordingly.