David REECE, Respondent,

v.

St. JOSEPH LEAD COMPANY, Appellant.

No. 33826.

St. Louis Court of Appeals,
Missouri.

Feb. 23, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied March 23, 1971.

Application to Transfer Denied May 10, 1971.

Moser, Marsalek, Carpenter, Cleary
Jaeckel, Keaney & Brown, Joseph H. Mueller, St. Louis, W. Oliver Rasch, Edward J.
Bust, Bonne Terre, for St. Joseph Lead Co.

John J. Larsen, Jack Randall, St. Louis, for David Reece.

DOWD, Judge.

This is a workmen's compensation case involving a claim by an employee against his employer and self-insurer for the occupational disease of lead intoxication. The employer by its answer denied the claim. At the hearing before the Referee the employer admitted inter alia that the employee had been exposed to lead dust and fumes during his employment but denied the employee sustained lead intoxication.

The Referee found in favor of the employee and awarded him compensation for permanent partial disability of 10% of the body as a whole which amounts to $1,880 for lead intoxication. Both employee and employer made application to the Industrial Commission for review of this award with the employee contending that the award for permanent partial disability should be increased to 20% of the body as a whole and the employer contending that the award should be reversed. On review, the Industrial Commission by its final award reversed the Referee and found that the employee has no permanent partial disability resulting from lead intoxication.

The employee appealed and the Circuit Court reversed the award of the Industrial Commission and found that there was not sufficient competent evidence in the record to warrant the Industrial Commission's award in favor of the employer and remanded the case to the commission with directions to issue a final award allowing the employee compensation for permanent partial disability from lead intoxication to the extent of 10% of the body as a whole.

Because of our disposition of this appeal, it will not be necessary to set out the facts and medical testimony in detail. The evidence at the hearing before the Referee disclosed that the employee was 20 years old and had been employed by St. Joseph Lead Company for over two years. During that time, he worked in the sintering plant for about three or four months and worked around open burners and was exposed to lead dust and fumes which produced stomach cramps, stiffness, cramping and soreness of his legs, painful joints, poor appetite, constipation, loss of weight, nervous spells and general weakness.

Dr. Harry Agress' deposition was introduced for the employee. In it he stated that the employee's complaints are those usually associated with lead intoxication and that in his opinion the employee had sustained a loss of 20% permanent partial disability of the body as a whole due to chronic lead intoxication and this condition was caused by his employment.

The employer introduced the deposition of Dr. Martin W. Davis. Dr. Emmett J. Senn testified before the Referee on behalf of the employer. The effect of their testimony was that the employee had suffered lead intoxication and had received treatment for it but that he had not sustained any permanent disability attributable to lead poisoning.

On review, the Industrial Commission on June 10, 1968 issued a temporary or partial award in favor of the employee requiring the employer to provide the employee with any needed medical attention. However, the commission reversed the award of the Referee awarding permanent partial disability to the employee. In its order of June 10, 1968, the commission stated:

"*It cannot now be determined from the evidence whether employee has sustained any permanent disability as a result of his exposure to lead fumes and dust while in the employment of employer.* This case may be reset upon request by either employee or employer and self-insurer or by the Commission upon its own motion for ascertainment of permanent disability, if any, resulting from such exposure, consistent with the convenience of the Commission and the parties hereto." (Emphasis supplied).

Then on April 18, 1969, the Industrial Commission wrote a letter to the attorneys for the employee and the employer, the pertinent part of this letter being as follows:

"Please be advised that pursuant to the authority vested in us by Section 287.210 (2) RSMo 1959, we have appointed Harold J. Joseph, M.D., to examine the employee identified under caption above in order that we may better determine the precise nature and extent of any disability suffered by the employee as the result of any lead absorption or intoxication.

\* \* \* \* \* \*

"Copies of the physician's medical report shall be furnished the attorneys for the parties at interest upon receipt thereof by the Commission."

The commission scheduled the medical examination for May 13, 1969.

Then on June 30, 1969 the Industrial Commission in its final award reversed the award of the Referee in favor of the employee stating:

"The Commission, after having reviewed the evidence and considered the whole record, including the medical report of Dr. Harold J. Joseph, M.D. dated June 10, 1969, which report consisting of 5 pages is hereby made a part of the record for all purposes, finds the employee has no permanent partial disability resulting from lead intoxication. Compensation is, therefore, denied. The award of the Referee dated January 30, 1968 is hereby reversed."

Dr. Joseph's detailed report, dated June 10, 1969 found that the claimant suffered no permanent partial disability as a result of lead intoxication. This report was considered by the commission and made a part of the record for all purposes.

The employer contends on this appeal that the final award of the commission finding in favor of the employer was supported by competent and substantial evidence and the Circuit Court erred in reversing the commission and remanding the case to the commission with directions to issue a final award allowing the employee compensation for lead poisoning for permanent partial disability to the extent of 10% of the body as a whole.

The employee contends on this appeal that the Circuit Court acted correctly in reversing the final award of the commission and that the judgment of the Circuit Court should be affirmed because the evidence was not legally sufficient to support the award in favor of the employer. However, the employee further argues that if the judgment of the Circuit Court is not affirmed, the case should be remanded to the Industrial Commission because of the erroneous consideration and admission of Dr. Joseph's report into the record. The employee contends specifically that Dr. Joseph's report should not have been considered by the commission and should not have been made part of the record because the commission did not comply with Section 287.210(2) RSMo 1959, V.A.M.S. which was the section which authorized the appointment of an impartial doctor to examine a claimant. This section states in part:

"2. The commission or any referee of the division may appoint a duly qualified impartial physician to examine the injured employee, and any physician so chosen, \* \* \*, shall promptly make the examination requested *and make a complete medical report to the commission or the referee in such duplication as to provide all parties with copies thereof.* \* \* \* *If all the parties shall have had reasonable access thereto, the report of such physician shall be admissible in evidence.*" (Emphasis supplied).

"3. The testimony of any physician who treated or examined the injured employee shall be admissible in evidence in any proceedings for compensation under this chapter, but only if the medical report of such physician has been made

available to all parties as in this section provided."

The rest of sub-section 3 deals with the exchange of medical reports by the attorneys.

█ Employee further argues that he had no access to Dr. Joseph's report in that the first knowledge he had of Dr. Joseph's report was when he received it attached to the final award of the Industrial Commission. The transcript is devoid of any showing that the report of Dr. Joseph was made available to the employee prior to its being made part of the record by the commission. This section specifically provides that " * * * If all the parties shall have had reasonable access thereto, the report of such physician shall be admissible in evidence." We hold that Dr. Joseph's report should not have been considered by the commission and should not have been made a part of the record because there was no compliance with the statutory requirement that all parties shall have reasonable access to it in order to have it admissible in evidence.

At the time the commission was unable to determine whether the employee had a permanent disability it had the following medical evidence before it: Dr. Agress' testimony favoring the employee and Dr. Davis' and Dr. Senn's testimony favoring the employer. Then, the commission appointed Dr. Joseph as the impartial doctor to examine the employee. His report was not made available to employee prior to the award but was considered and made part of the record by the commission. Then, the commission found in accordance with Dr. Joseph's report that the employee had no permanent partial disability as a result of lead intoxication.

It is clear that the findings of Dr. Joseph's report that employee had no permanent partial disability as a result of lead intoxication was an important and perhaps crucial medical opinion in this case. It was considered and given weight by the commission in the commission's determination that the employee suffered no permanent partial disability.

█ According to the statute, the employee was entitled to have "reasonable access" to this report before it could be admitted into the record. To give any meaning to this statutory requirement of "reasonable access" before admitting the report into the record, we believe that the parties should have an opportunity to take proper action to test the validity of the report. If the employee had received Dr. Joseph's report in advance of the commission's final award, employee's attorney could have attempted to invoke the discretionary power of the commission to call Dr. Joseph before the commission where he would have an opportunity to cross-examine Dr. Joseph and also to there make any proper objection to the admission into the record of Dr. Joseph's report. Or the employee's attorney could have decided whether to have sought the permission of the commission to take and admit the deposition of Dr. Joseph into the record. Under Section 287.480 RSMo 1969, V.A.M.S., the commission has discretion to hear further evidence, if deemed proper. Williams v. Laclede-Christy Clay Products Co., Mo. App., 227 S.W.2d 507[8]; Lake v. Midwest Packing Co., Mo., 301 S.W.2d 834[2].

█ We hold also it was error for the Circuit Court to order the commission to issue a final award in favor of the employee allowing the employee compensation for lead intoxication for permanent partial disability to the extent of 10% of the body as a whole. The finding of whether a disability exists and the extent and percentage of a disability are findings of fact within the special province of the commission to determine. McAdams v. Seven-Up Bottling Works, Mo.App., 429 S.W.2d 284[9]. Neither the Circuit Court nor this court has the power to instruct the Industrial Commission to enter an award allowing compensation to employee for a certain percentage of disability. State ex rel. Melbourne Hotel Co. v. Hostetter, Mo., 344 Mo.

472, 126 S.W.2d 1189; Williams v. Laclede-Christy Clay Products Co., supra. Said another way, on reviewing an award of the Industrial Commission a court is not authorized to make its own finding and peremptorily direct an award. State ex rel. Melbourne Hotel Co. v. Hostetter, supra, l. c. 1192.

Accordingly, the judgment is reversed and remanded to the Circuit Court with instructions to enter a new judgment setting aside the award of the Industrial Commission and remanding the cause to the Industrial Commission for further proceeding consistent with this opinion.

BRADY, P. J., concurs.

WOLFE, J., not participating.