**Virgil E. WISDOM, Respondent,**

v.

**ST. JOSEPH LEAD COMPANY, Appellant.**

No. 33825.

St. Louis Court of Appeals, Missouri.

Feb. 23, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied March 23, 1971.

Application to Transfer Denied May 10, 1971.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Joseph H. Mueller, St. Louis, W. Oliver Rasch, Edward J. Bust, Bonne Terre, for St. Joseph Lead Company.

John J. Larsen, Jack Randall, St. Louis, for Virgil E. Wisdom.

DOWD, Judge.

This is a workmen's compensation case involving a claim by an employee against his employer and self-insurer for the occupational disease of lead intoxication. The employer by its answer denied the claim. At the hearing before the Referee the employer admitted inter alia that the employee had been exposed to lead dust and fumes during his employment but denied the employee sustained lead intoxication.

The Referee found in favor of the employee and awarded him compensation for permanent partial disability of 10% of the body as a whole which amounts to $1,880 for lead intoxication. Both employee and employer made application to the Industrial Commission for review of this award with the employee contending that the award for permanent partial disability should be increased to 20% of the body as a whole and the employer contending that the award should be reversed. On review, the Industrial Commission by its final award reversed the Referee and found that the employee had no permanent partial disability resulting from lead intoxication.

The employee appealed and the Circuit Court reversed the award of the Industrial Commission and found that there was not sufficient competent evidence in the record to warrant the Industrial Commission's award in favor of the employer and remanded the case to the commission with directions to issue a final award allowing the employee compensation for permanent partial disability from lead intoxication to the extent of 10% of the body as a whole.

The controlling facts, orders and procedures followed by the commission, the points and issues raised and passed upon in Reece v. St. Joseph Lead Company, Mo. App, 465 S.W.2d 849 are virtually identical to these before us here. We adopt here the rulings and reasons set out in Reece v. St. Joseph Lead Company which

we are handing down contemporaneously with this opinion.

Accordingly, the judgment is reversed and remanded to the Circuit Court with instructions to enter a new judgment setting aside the award of the Industrial Commission and remanding the cause to the Industrial Commission for further proceeding consistent with this opinion.

BRADY, P. J., concurs.

WOLFE, J., not participating.